McClure et al. *v.* Shelburn Coal Company et al.

[No. 18,002.  Filed February 25, 1897.]

Appeal and Error.—*Parties.*—*Assignment of Errors.*—Where a party appeals and does not make all the opposite parties in whose favor judgment was rendered appellees therein, the assignment of errors is defective and the appeal will be dismissed, as the appellate tribunal has no power to disturb the judgment without disturbing it as to all, and it has no jurisdiction to disturb it as to those who are not parties to the appeal.

McClure *et al. v.* Shelburn Coal Company *et al.*

From the Sullivan Circuit Court. *Appeal dismissed.*

*Lamb & Beasley* and *Harris & Douthitt*, for appellants.

*John T. Hays* and *J. H. Drake,* for appellees.

McCABE, J.—Michael and John Kirkham sued the Shelburn Coal Company for debt, asking for, and securing the appointment of a receiver of the property and assets of said company. George C. Richards was such receiver. The receiver filed a report and an account of his doings, and asked to resign and be discharged; his report was approved and he was discharged from further duties as such receiver, and Frank Binns was appointed as receiver in place of said Richards. Prior thereto, Mary McClure et al. had brought suit against said Richards, as receiver, and others, to foreclose a first mortgage she and another held on the property of the said Sullivan Coal Company for $9,000.00, making said company, Charles C. Heisen, the holder of a junior mortgage on the same property for a large sum of money, to-wit: $21,447.00, and all other junior lien holders parties defendant thereto. And said Heisen filed a cross-complaint therein.

The two suits were consolidated, and there was a decree of foreclosure of the mortgages on all the property of the coal company, fixing the priorities of all the liens of the parties, to-wit: 1, labor claims; 2, Mary McClure and Elizabeth Pepin's mortgage; 3, mortgage lien of Heisen; 4, said George C. Richards, guardian; 5, John and Michael Kirkham's lien. The decree directed a foreclosure and sale of all the property of said company, subject to all equities and liabilities, if any, that may exist for the expense and cost made by said Richards as receiver. The property was

duly sold under the decree to said Heisen for $24,309.79, being the amount necessary to discharge all mortgage liens prior to his own, and his own also, said coal company having waived its right to redeem. Thereupon the receiver, Binns, filed his account and was discharged, and under order of the court the property was turned over to Heisen, and he still has possession. Heisen filed exceptions to the report of the receiver, Richards. On the trial of such exceptions the court, on request, made a special finding of the facts, whereon it stated conclusions of law favorable to Heisen, and rendered judgment accordingly in favor of Heisen, and perhaps others. There may have been other parties to the proceeding, so related to, and affected by the judgment, that they would have been necessary parties to this appeal. This appeal is claimed to be prosecuted by said Richards. The transcript was filed here on June 17, 1896, with an assignment of errors thereon indorsed, entitled thus: *"Mary McClure et al. v. Shelburn Coal Company et al."*

Heisen, being the principal party in whose favor the judgment below was rendered, on October 26, 1896, filed in this court a motion to dismiss the appeal, for the reason, among others, that he had not been made a party to the appeal, claiming that he should have been made an appellee.

On October 28, 1896, said Richards filed a motion in this court, asking leave to amend the assignment of errors so as to make the parties to this appeal to be as follows: *"George C. Richards, Appellant,* v. *Charles C. Heisen, Appellee."*

On January 8, 1897, this court overruled the motion for leave to amend the assignment of errors as prayed for, on the ground that no reason was shown authorizing an amendment to such assignment within rule III of this court. That is, there was a failure to show due

care in making the assignment originally. It would seem that neither the proper appellant nor the proper appellee was made; at all events, the principal party to the judgment appealed from, and, perhaps the only one interested in upholding it, was not made appellee, namely, Charles C. Heisen, and, indeed, not made a party to this appeal at all. Where a party appeals, and does not make all the opposite parties in whose favor judgment was rendered appellees therein, the assignment of errors is defective, and the appeal must be dismissed, as the appellate tribunal has no power to disturb the judgment without disturbing it as to all, and it has no jurisdiction to disturb it as to those who are not parties to the appeal. *Garside, Exx.,* v. *Wolf,* 135 Ind. 42. The motion to dismiss the appeal must, therefore, be sustained.

The appeal is dismissed.