## OSBORN ET AL. *v.* MAXINKUCKEE LAKE ICE COMPANY.

[No. 18,871. Filed January 25, 1900.]

DRAINS.—*Assessments.—Vacation.—Supplemental Petition.*—Defendant by plea in abatement secured an order of court vacating for want of notice certain assessments made against its lands for the construction of a drain. After the work was established and the assessments approved two of the petitioners filed a supplemental petition asking that the benefits to defendant's lands be assessed thereon. *Held*, that the order of court vacating the assessment did not amount to an adjudication that defendant's lands were not benefited, and that the filing of the supplemental petition was authorized by law. *pp. 102–104.*

DRAINS.—*Supplemental Petition.*—A supplemental petition showing that lands benefited by a drain were not assessed therefor, and asking that such lands be assessed, may be filed in vacation. . *pp. 104, 105.*

SAME.—*Supplemental Petition.—Notice.*—The court is not required to fix in advance what notice shall be given a landowner by one filing a supplemental petition showing that lands benefited by the construction of a drain were not assessed therefor, and if a proper notice is given, the court is not authorized to set the same aside. *p. 105.*

SAME.—*Final Judgment.—Appeal.*—An order of court dismissing a supplemental petition filed under the provisions of §4279 Horner 1897 in a drainage proceeding after the work was established and the assessments approved was a final judgment within the meaning of the statute from which an appeal might be taken. *p. 106.*

From the Starke Circuit Court. *Reversed.*

*H. R. Robbins* and *J. M. Fuller,* for appellants.

*J. D. McLaren,* for appellee.

MONKS, J.— Appellants and others, in 1896, filed in the court below their petition for the drainage of lands in Starke and Marshall counties, under the drainage act of 1885 (Acts 1885, p. 129), §5622 *et seq.,* Burns 1894. In May, 1897, the drainage commissioners filed their report, which named lands owned by Sterling R. Holt as affected by said work which were not named in the petition, and the court fixed June 4, 1897, for hearing said report. Appellee was not named as the owner of any lands described either in the petition or the report of the drainage commissioners. On June 11, 1897, appellee filed what is denominated a special plea in abatement, in which it was alleged, among other things, that appellee was and had been a resident of Marshall county, Indiana, since December, 1897, and has kept and maintained an office in said county since that date; that said appellee is the owner in fee simple of the lands described in the report of the drainage commissioners as owned by Sterling R. Holt, and which were assessed with benefits in a large amount, as shown by said report; that said lands have stood in its name on the tax duplicates and

transfer books in the office of the auditor of Marshall county continuously since March, 1895, and so stood in its name when said petition was filed; that it is not named in said report of the drainage commissioners as the owner of any land affected by the proposed drain; that it has never received any notice of the filing and pendency of said petition, or the filing of said report. Prayer that the assessment against said lands in the name of said Holt be abated and expunged from the record, and that the description of the lands be erased therefrom. An answer was filed thereto, and, after hearing the evidence, the court found for appellee, and rendered judgment accordingly. On September 10, 1897, in · vacation, appellants, two of the petitioners for said drainage whose lands had been assessed with benefits in said proceeding, filed a supplemental petition, in which the lands described in the report of the drainage commissioners as the property of Sterling R. Holt were described, and the benefits assessed to said real estate, as shown in said report, were stated. It was also alleged in said petition that said lands appear of record to belong to appellee, and that an abatement of said cause as to said appellee had been procured for the reason that it was a resident of Marshall county, and it had not been served with notice; that said lands were benefited, as set forth in the report of the drainage commissioners. Summons was issued by the clerk of the court, and duly served on appellee. On October 12, 1897, appellee filed a motion "to strike out and dismiss appellants' said petition, and quash the summons issued thereon, and the return of the sheriff, for the following reasons: (1) Because there is no law authorizing or permitting the filing and prosecution of a supplemental petition in a drainage case in the circuit court after the work has been established, and the assessments approved by the court, and the same assigned to the proper person for construction; (2) because said supplemental petition was filed, and the summons issued and served without any authority of law whatever; (3)

because the allegations of said supplemental petition show that said assessments against said real estate made by the drainage commissioners were set aside and vacated by the court, and said judgment and decision of the court are in full force and effect." The court sustained said motion. The errors assigned call in question the action of the court in sustaining said motion.

Section 5629 Burns 1894, §4279 Horner 1897, expressly provides that any one interested in a drainage proceeding may file "a supplemental petition showing that lands not mentioned in the original report are affected, as he believes, by such drainage, in which case the court shall require such person to give such notice as it may deem proper and sufficient to the persons affected thereby, and shall refer the same to the drainage commissioners for a report, and any and all proceedings may be had thereon, and orders and decrees made therein, the same as if it were an original petition." After the court had, on the application of appellee, set aside and vacated the benefits assessed against appellee's lands (which were named in the report as the lands of Holt) said lands, in contemplation of said §5629 (4279), supra, were not mentioned in the original report of the drainage commissioners. The court, by said order vacating the assessment against said lands, did not adjudge that they were not benefited by the proposed drain, nor that they could not be assessed, but only that the benefits assessed to the lands of appellee were invalid for want of personal notice to appellee. Whether or not this decision of the court was erroneous, we need not, and do not, determine, as the same is not called in question on this appeal by any assignment of error. The effect of the judgment and order of the court in vacating said assessment was to leave appellee's lands the same as if they had never been mentioned in said original report, and without any adjudication as to whether they would or would not be benefited by said proposed drain. Said appellants were, therefore, expressly authorized

by said §5629 (4279), *supra*, to file a supplemental petition
for the purpose of having the benefits, if any, assessed to
each tract of real estate owned by appellee. There is noth-
ing in §5629 (4279), *supra*, or any other section of that
act, requiring that such supplemental petition be filed in
term time, and there is no reason why it was not proper
to file the same in vacation. Whether or not such supple-
mental petition may be filed is not left to the discretion of
the trial court, but is a right given to any person inter-
ested. The court is not required to fix in advance what
notice shall be given. If a proper and sufficient notice is
given, the court is not authorized to set the same aside. The
notice of said supplemental petition was served by the sher-
iff by reading the same to, and delivering a copy thereof
to, the president of appellee. The notice contained a descrip-
tion of appellee's real estate, and was sufficient to advise
appellee that a supplemental petition had been filed in the
drainage proceedings of Amos Osborn et al., in the court
below, and that the same affected appellee's real estate. It is
clear that proper and sufficient notice was given appellee of
said supplemental petition, as required by said drainage
law. While the supplemental petition is not a model, and
contains unnecessary matter, yet it shows that appellee's
lands are affected, as appellants believe, by such drainage,
as required by §5629 (4279), *supra*. It was the duty of the
court below, proper and sufficient notice of said supple-
mental petition having been given, to refer the same to
the drainage commissioners for a report, as required by said
section. One of the basic principles of said act is that the
entire cost of the improvement must fall on all the lands
benefited, in proportion to the benefits which accrue to
each tract affected, and that no tract can be assessed in a sum
exceeding the amount of benefits resulting to it from the
work as adjudged by the court. It was to carry into effect
this principle that provision was made for bringing in
omitted lands affected by the work, so that all land bene-

fited thereby should pay its proportion of the cost thereof. It has been uniformly held by this court that the drainage laws are to be liberally construed, so as to promote the object for which they were enacted.    And this is the express requirement of §5629 (4279), *supra.    Rogers* v. *Voorhees,* 124 Ind. 469; *Steele* v. *Hanna,* 117 Ind. 333.

Appellee has filed a motion to dismiss this appeal for the reason that the same is not from an appealable interlocutory order, or from a final judgment.

Before the motion to dismiss said supplemental petition and set aside and quash the summons and return was sustained, the court had made an order establishing the proposed work, and approving all the assessments made, except those against the land of appellee which were set aside and vacated.    This was a final judgment from which an appeal could have been taken in the original case.

When the court dismissed the petition after the work was established, the dismissal was a final judgment within the meaning of the statute.    If such dismissal had been before the work was established and assessments approved, then it may be that no appeal could have been taken until after the court had established the work and approved the assessments.

It follows from what we have said, and the authorities cited, that the court erred in sustaining appellee's motion to dismiss said supplemental petition and set aside and quash said summons and return.

Judgment reversed, with instructions to overrule appellee's said motion, and for further proceedings not inconsistent with this opinion.