162    366
169    46
169    278
f170    663

162    366
171    463
171    464

## KEISER ET AL v. MILLS ET AL.

[No. 20,109. Filed November 24, 1903. Rehearing denied March 30, 1904.]

DRAINS.—*Statutes.—Amendatory Act.*—By the express provisions of §4 of the amendatory act of March 8, 1901 (Acts 1901, p. 161), relative to drains, such amendatory act does not apply to ditch proceedings instituted before the passage of the amendatory act. *p. 368.*

APPEAL AND ERROR.—*Necessary Parties.*—Only parties to the judgment appealed from are necessary parties to an appeal. *p. 369.*

SAME.—*Coparties.*—Appellants in a term-time appeal are not required to make all coparties to the judgment appellants with them on appeal. *p. 369.*

SAME.—*Names of Parties.—Presumption.*—It will be presumed on appeal, in the absence of a showing to the contrary, that the name James A. Commons as used in the assignment of errors is the correct full name of a person referred to in the record as J. A. Commons. *p. 369.*

SAME.—*Names of Parties.—Ditch Proceeding.—Assignment of Errors.*—In giving the full names of all appellees in the assignment of errors on appeal from a proceeding under the circuit court drainage law (§5623 Burns 1901) which provides that it is only necessary to describe the lands affected as belonging to the person who appears to be the owner according to the last tax duplicate or transfer book kept by the county auditor, rule six of the Supreme Court is complied with, and the fact that names of landowners affected by the proceeding appear in the transcript of the proceedings by initials of Christian names is not ground for dismissal. *pp. 369, 370.*

DRAINS.—*Jurisdiction.—Appeal.*—Under the liberal provision of §5623 Burns 1901 that it is sufficient to give the court jurisdiction over all the lands described and the power to fix the lien "if they are described as belonging to the person who appears to be the owner according to the last tax duplicate or record of transfer" it can not be presumed on appeal that no land belonging to a petitioner named was assessed with benefits merely because his name was not given in the report of the drainage commissioners as the owner of land benefited by the construction of the ditch. *pp. 370, 371.*

APPEAL AND ERROR.—*Rights of Parties.*—Parties to an appeal can bring
before the court only such questions as affect their rights, and not such
as affect the rights of others.  *p. 371.*

DRAINS.—*Remonstrance by Landowners Affected who are not Made Parties to
Proceeding.*—No error was committed in refusing to permit landowners
affected by a ditch and not made parties to the petition for the con-
struction thereof to file a remonstrance after the expiration of the time
given by the statute to the original parties, where no facts affirmatively
showing diligence were alleged.  *pp. 371-373.*

From Hamilton Circuit Court; *R. K. Kane*, Special
Judge.

Proceeding by Frank H. Keiser and others for the con-
struction of a ditch. William A. Mills and others re-
monstrated. From a judgment in favor of remonstrants,
certain petitioners appeal. *Reversed.*

*S. D. Stuart* and *C. G. Reagan*, for appellants.
*J. A. Roberts* and *Meade Vestal*, for appellees.

MONKS, J.—A petition was filed by appellants and oth-
ers on January 24, 1901, in the clerk's office of the court
below, for the construction of a ditch under the drainage
law of 1885 and the amendments thereto (§§5622-5631,
5644-5646 Burns 1894). Notice was given to the owners
and occupants of the several tracts of land described in
the petition in the manner prescribed by law, and the case
was docketed. No remonstrance having been filed, the
same was referred to the drainage commissioners as re-
quired by §5624, *supra.* Said commissioners afterwards
made their report to the court, from which it appeared that
lands were named as affected by said drainage which were
not named in the petition. The court fixed February 15,
1902, as the time for the hearing of said report, and the
petitioners gave notice to the owners of such lands of the
filing of said report and the date fixed by the court for the
hearing thereof. The notices were served on such land-
owners, which included appellees, on January 29 and 30,
1902. On February 15, 1902, appellees filed a verified

application for leave of court to file a remonstrance against the construction of said ditch, signed by more than two-thirds of the landowners named in the report of the drainage commissioners. On the same day appellees, who were owners of land named in the report of the drainage commissioners and not named in the petition, each filed a separate verified remonstrance against the report of said drainage commissioners, for the first, fifth, eighth, ninth, and tenth statutory grounds of remonstrance provided in §5625, *supra*. On March 3, 1902, the court denied the motion of appellees asking leave to file the remonstrance of two-thirds of said landowners, and refused to permit said remonstrance to be filed, to which ruling of the court appellees jointly and severally objected and excepted. Afterwards appellants filed a separate motion to strike from the files each remonstrance of appellees setting up said statutory causes, upon the ground that the same was not filed within the time required by statute, which motion the court, on April 11, 1902, overruled, to each of which rulings of the court appellants at the time objected and excepted. A trial of said cause resulted in a judgment in favor of appellees. Each of said rulings of the court on the motions to strike out said remonstrances is challenged by appellants jointly.

It will be observed that the report of the drainage commissioners was filed in October, 1901, and the report of the drainage commissioners was set for hearing on February 15, 1902, long after the taking effect of the act approved March 8, 1901 (Acts 1901, p. 161, §§5623, 5624, 5626, 5628 Burns 1901), but as these proceedings were instituted before the passage of said amendatory act of March 8, 1901, by the express provision of section four of said act (§5628, *supra*), said act does not apply to this case, but the same is governed by the law in force when this proceeding was begun.

Keiser v. Mills.

Appellees insist that the appeal should be dismissed "for the reason that appellants have not given the names of all the parties to the record in their assignment of errors." Only parties to the judgment appealed from are necessary parties to an appeal. *Moore* v. *Franklin,* 145 Ind. 344; *Lowe* v. *Turpie,* 147 Ind. 652, 690-693, 37 L. R. A. 233; *Capital Nat. Bank* v. *Reid,* 154 Ind. 54; *McClure* v. *Shelburn Coal Co.,* 147 Ind. 119. This was a term-time appeal, and appellants were not required to make their co-parties to the judgment co-appellants with them in this cause. §§647a, 647b Burns 1901; *Lowe* v. *Turpie, supra; Roach* v. *Baker,* 145 Ind. 330; *Goodrich* v. *Stangland,* 155 Ind. 279, 281, 282.

Objection is made that the names of appellees in the assignment of errors are not the names by which they are known in the record. In the transcript the initials of the Christian names of many of the appellees are given, while in the assignment of errors the first Christian name is given in full. For example, lands of "J. A. Commons," whose name appears in the assignment of errors as "James A. Commons," were assessed with benefits, and he filed a separate remonstrance to the report of the drainage commissioners, signed "J. A. Commons." Appellants' motion to strike out this remonstrance was overruled by the court. This ruling of the court was challenged by the assignment of errors in this language: "The court erred in overruling the motion of appellants to strike from the files and reject the remonstrance of James A. Commons, signed by the name and style of J. A. Commons." As it is not shown that James A. Commons is not the correct full name of the J. A. Commons named in the record, we must presume that it is.

Rule six of this court requires that the assignment of errors shall contain the full names of all the parties. In giving the full names of all appellees in the assignment

of errors, said rule was complied with. This court has refused to dismiss appeals in drainage cases under the act of 1885 and amendments when this rule was not complied with, on account of the fact that it is only necessary in proceedings under the circuit court drainage law (§5623 Burns 1894) to describe the lands affected as belonging to the person who appears to be the owner according to the last tax duplicate or transfer book kept by the county auditor. *Goodrich* v. *Stangland, supra; Gunn* v. *Haworth,* 159 Ind. 419, 421. This, however, furnishes no ground for dismissing an appeal in such cases when said rule is complied with by giving the full names.

It is claimed by appellees that the record does not show that any land belonging to Thomas C. Lennen, a petitioner and appellant, was assessed with benefits, and that, therefore, no error was committed by the court against him in overruling the joint motions of appellants to strike out said remonstrances; that for this reason the assignment of errors is not good as to him, and, being joint by all the appellants, must fail as to all of them, under the rule that a joint assignment of error must be good as to all or it is good as to none. *Armstrong* v. *Dunn,* 143 Ind. 433, 436, 437. Under the liberal provision made by §5623, *supra,* that it is sufficient to give the court jurisdiction over all the lands described and the power to fix the lien, "if they are described as belonging to the person who appears to be the owner according to the last tax duplicate or record of transfer," we can not presume that no land belonging to the petitioner Thomas C. Lennen was assessed with benefits merely because the name of Thomas C. Lennen was not given in the report of the drainage commissioners as the owner of land benefited by the construction of said ditch. For aught that appears from the record, said appellant Thomas C. Lennen was the owner of several tracts of land assessed with benefits, but described as belonging to the

person who appeared to be the owner according to the last tax duplicate or record of transfer.

Many other objections are made to the record by appellees, as reasons why the judgment should be affirmed, but all of them fall within the rule that parties to an appeal can bring before the court only such questions as affect their rights, and not such as affect the rights of others. *Poundstone* v. *Baldwin,* 145 Ind. 139, 143, 144; *Cooper* v. *Shaw,* 148 Ind. 313, 316.

Appellants insist that the said remonstrances for statutory causes filed by appellees on February 15, 1902, were not filed within the time required by statute, for which reason the court erred in overruling appellants' motions to strike out the same. This question was decided by this court in favor of appellants' contention in *Goodrich* v. *Stangland,* 155 Ind. 279. In that case the report of the drainage commissioners, which named lands as affected by said proposed ditch which were not named in the original petition, was filed on January 4, 1898, and the court fixed Monday, March 7, 1898, for hearing the report, and directed notice accordingly, as required by §5624 Burns 1894. Notices containing the information of the filing of said report and the date of the hearing thereof were served on or before February 23, 1898. On March 7, 1898, the day fixed for the hearing of said report, the appellants in that case each filed a remonstrance. A motion to strike out said remonstrances for the reason that they were not filed within the time required by the statute was sustained by the trial court. On appeal this court held that said ruling was correct. The court said on page 285: "The remonstrance was ordered to be stricken out. This was right. It was not filed within ten days after the service on the appellant of the notice of the hearing of the report." It follows that, said remonstrance not being filed within ten days after the service of notice on appellees, the court erred in overruling said motions to strike them from the files.

Appellees, by an assignment of cross-errors, question the action of the court in refusing to permit them to file said remonstrance of two-thirds of the landowners named in the report of the drainage commissioners, as provided in the first proviso in §5624, *supra.* It is admitted by appellees that under the law as declared in *Yancey* v. *Thompson*, 130 Ind. 585, the new parties brought in by the report of the drainage commissioners have no right to file a remonstrance under said first proviso of §5624, *supra.* Appellees, however, seek to avoid the effect of the statute by alleging in their application to file said remonstrance that "the petitioners, for the fraudulent purpose of preventing said petition from being dismissed by the filing of a remonstrance signed by two-thirds of the persons named in the petition, failed to name forty-five owners of land named in said report as the owners of land benefited by said proposed drain; that petitioners well knew if they named in the petition all the owners of land that would be benefited, that such a remonstrance would be filed, and that their petition would be thereby dismissed; that by said failure to name all the persons whose lands would be benefited by said proposed drain the petitioners have sought to practice a fraud upon the court and those remonstrators whose names are signed to the attached remonstrance."

It was held by this court in *Bell* v. *Cox*, 122 Ind. 153, that persons not named in the petition for drainage under said act of 1885 (§§5622-5631, 5644-5646 Burns 1894), if they have an interest in the lands affected by the proposed ditch, may be admitted to defend on application to the court, and, if made parties at the proper time, may attack the petition or remonstrate under said first proviso the same as if they had been named in the petition, their rights being substantially the same as those of the original parties except in so far as they are limited or qualified by law.

Under the decision in the case last cited, appellees had

the right to be admitted on application and to file said remonstrance, if the time for filing the same had not expired, and it was their duty to make said application at the first opportunity. If they knew of such drainage proceedings and the facts alleged in their application before the original parties by lapse of time lost their right to file the remonstrance under said first proviso, and failed to take the necessary steps to be made parties and to file said remonstrance, they will not be permitted to file the same after that time has expired. The proceedings in this case were commenced in January, 1901, and for aught that appears in appellees' application they then knew all that they knew on February ·15, 1902, when the application was filed. The rule is well settled that in cases where a party is entitled to relief from the fraud of another he must act promptly upon its discovery, and, to render his pleading sufficient, the facts stated therein must be such that the court can say therefrom that he has so acted, and that by the exercise of ordinary diligence the discovery could not have been before made. Even if appellees' application to file said remonstrance were otherwise sufficient—a question we need not and do not decide—it is clear that no facts affirmatively showing diligence were alleged. It follows from what we have said that the court did not err in refusing to permit appellees to file a remonstrance under the first proviso of §5624 Burns 1894.

Judgment reversed, with instructions to sustain appellants' motion to strike out said remonstrances for the statutory causes named in §5625 Burns 1904, filed on February 15, 1902, and for further proceedings in accordance with this opinion.