## KLINE ET AL. v. HAGEY ET AL.

[No. 20,903. Filed May 16, 1907. Rehearing denied November 7, 1907.]

1. APPEAL.—*Parties.*—*Notice.*—Where all of the parties against whom judgment is rendered join in the assignment of errors, no notice of appeal from one to another of them is required, since such appeal is not by a "part only" of the persons against whom judgment is rendered, as contemplated by §674 Burns 1908, §635 R. S. 1881. p. 277.

2. SAME.—*Parties.*—*Capacity.*—*How Questioned.*—Where appellants in an assignment of errors appear in the capacity of executors of an estate or as heirs of a decedent, their capacities assumed therein, unless denied or questioned, will be taken as confessed and considered sufficient. p. 277.

3. SAME.—*Notice to Appellees.*—*Sufficiency.*—A notice by appellants to appellees, that they or a part of them will appeal from the judgment rendered, is sufficient. p. 277.

4. SAME.—*Parties.*—*Other Interested Persons.*—*Drains.*—Where the petitioners for a drain and the remonstrators are all joined as parties to an appeal from the judgment rendered therein, the appeal is properly perfected, though other landowners were, in a sense, parties to the proceeding, but were not parties to the judgment. p. 277.

5. SAME.—*Notice to Clerk.*—*Sufficiency.*—A notice to the clerk signed by the living petitioners to a drainage proceeding, and by the heirs at law of those deceased, is sufficient, where the petitioners were the appellants. p. 278.

6. SAME.—*Parties.*—*Names.*—An assignment of errors, in a drainage proceeding, giving abbreviated names of appellants, as "Ed" and "Fred," is sufficient. p. 278.

7. DRAINS.—*Statutes.*—*Repealing Clause.*—The repealing clause of the drainage act of 1905 (Acts 1905, p. 456, §14, §5635 Burns 1905) does not affect drainage proceedings, begun prior thereto, which were not designed to, and would not affect a lake containing a surface area of more than ten acres. p. 278.

From Elkhart Circuit Court; *James S. Dodge*, Judge.

Drainage proceeding by John J. Kline and others, against which U. S. Grant Hagey and others remonstrate. From a judgment for remonstrants, petitioners appeal. *Reversed.*

*Miller Guy, C. E. Pattee* and *J. S. Dodge, Jr.*, for appellants.

*Stuart MacKibben*, for appellees.

MONTGOMERY, C. J.—April 20, 1903, appellants filed their petition in the office of the clerk of the St. Joseph Circuit Court for the drainage of lands therein described. After due notice the matter was referred to the drainage commissioners, who made their report in favor of the proposed work, and in such report described other lands as affected which were not named in the petition. The court fixed a time for hearing this report; and caused the owners of such additional lands to be duly notified thereof. Appellees filed remonstrances to said report, but no other landowners concerned appeared. The venue of the cause was changed to the Elkhart Circuit Court. On June 26, 1905, three of such remonstrators filed their motion to dismiss the cause, for the alleged reason that the General Assembly had repealed the law under which the proceeding was instituted, and that, in consequence, there was no longer any authority to prosecute the action. It was thereupon shown by affidavits that the proposed ditch would not drain or affect any lake. The court sustained the motion to dismiss the petition and proceedings, and rendered judgment dismissing the same, and against appellants and in favor of appellees for costs.

The only error assigned calls in question the action of the court in sustaining appellees' motion, and in dismissing the proceeding.

All the petitioners and persons against whom final judgment was rendered, except Bernard Piltz, John M. Felton, Sr., and Christ Weigel, are joined as appellants in the assignment of errors, together with certain other persons named and styled as the executor and heirs at law of Bernard Piltz, deceased, the heirs at law of John M. Felton, Sr., deceased, and the heirs at law of Christ Weigel, deceased.

The seven persons who filed remonstrances and in whose favor judgment for costs was rendered are named as appellees.

Appellees have filed a motion to dismiss this appeal,

which, in logical sequence, demands first consideration. It is insisted that proof of service of notice of the appeal upon coparties has not been filed with the clerk of this court in obedience to the requirement of §674 Burns 1908, §635 R. S. 1881. All the parties to the judgment who are still living, and the legal representatives and heirs of such as are now dead, having joined in assigning errors in this court, this cannot be classed as an appeal by a part only of several coparties. No notice of the appeal from one appellant to another was required, as provided by §674, *supra.*

The character which a part of the appellants have assumed in the assignment of errors, not being denied or questioned, will be taken as confessed and deemed sufficient. §371 Burns 1908, §365 R. S. 1881.

It is further contended that the notice of appeal served upon appellees was defective and insufficient, for the reason that it did not show which of the parties, against whom judgment was rendered, was prosecuting this appeal. The notice recited that the petitioners or a part of them would appeal, and was signed by the attorneys for the petitioners. There was but one decision from which an appeal could be prosecuted, and appellees were notified that an appeal therefrom would be taken. It could make no material difference to the rights of appellees whether such appeal was by all or by a part only of the adverse parties. The notice was sufficient to apprise them of the fact of an appeal, and is good as against this attack, which was not made until after a submission of the cause.

It is next contended that the owners of all lands assessed for the construction of the proposed ditch should have been joined as appellants or as appellees. Such persons, other than the petitioners and remonstrants, were, in a sense, parties to the record, but not parties to the judgment from which this appeal is prosecuted. The only parties to such judgment were named therein, and comprise merely the petitioners and the remonstrators. Only parties

to the judgment appealed from are necessary parties to an appeal. *Smith* v. *Gustin* (1907), *ante,* 42; *Keiser* v. *Mills* (1904), 162 Ind. 366; *Moore* v. *Franklin* (1896), 145 Ind. 344; *Lowe* v. *Turpie* (1897), 147 Ind. 652; *McClure* v. *Shelburn Coal Co.* (1897), 147 Ind. 119; *Capital Nat. Bank* v. *Reid* (1900), 154 Ind. 54.

5. The notice of appeal served upon the clerk of the circuit court was signed by all the petitioners living, and by the heirs at law of those who have died, and was sufficient.

6. It is claimed that the full Christian names of the parties are not set out in the assignment of errors. This contention is hardly sustained by the record, as the only names abbreviated are "Ed" and "Fred," and the given names of appellants are stated in the assignment of errors with much greater fulness than in the judgment taken by appellees in the lower court. The names of parties are given with all the fulness and certainty required by the law and the rules of court in this class of proceedings. *Smith* v. *Gustin, supra; Goodrich* v. *Stangland* (1900), 155 Ind. 279. The motion to dismiss the appeal is therefore overruled.

7. This case was dismissed in the circuit court upon the assumption that the ditch law of 1905 (Acts 1905, p. 456, §§5622-5635 Burns 1905) repealed all prior laws upon the subject of drainage, and struck down all pending cases, saving only such proceedings as had progressed to a final order establishing the ditch prior to the taking effect of that act. This holding of the trial court was erroneous. The act of 1905, *supra,* did not terminate any pending ditch proceeding, which was not designed to and would not affect a lake containing a surface area of more than ten acres, but it was provided that all such cases should be concluded in all respects as though the act of 1905, *supra,* had not been passed. *Smith* v. *Gustin, supra;*

*Clemans* v. *Hatch* (1907), 168 Ind. 291; *Taylor* v. *Strayer* (1906), 167 Ind. 23.

The judgment is reversed, with directions to overrule appellees' motion to dismiss the cause, and for further proceedings.