## STEVENS ET AL. *v.* TEMPLETON.

[No. 21,055.   Filed April 2, 1908.]

1. APPEAL.—*Perfecting.*—*Drains.*—*Bonds.*—Where a final judg-
ment, in a drainage case, is rendered on March 15, an appeal
bond filed on April 3, and the transcript on appeal filed June 1,
the appeal is properly perfected under §5625 Burns 1905, Acts
1905, p. 456, §4, providing for appeals in drainage cases, term-time
appeals only being permitted in drainage cases.   p. 250.

2. SAME.—*Parties.*—*Drains.*—In an appeal under the drainage
statute (§5625 Burns 1905, Acts 1905, p. 456, §4) it is not neces-
sary that the assignment of errors on appeal should contain the
names of all parties affected by the judgment appealed from, such
rule not obtaining in term-time appeals.   p. 250.

3. DRAINS. — *Remonstrances.* — *Allegations of.* — *Unequal Assess-
ments.*—*Motion to Strike Out.*—A drainage remonstrance, under
§5625 Burns 1905, Acts 1905, p. 456, §4, alleging, after setting out
a description of remonstrants' lands, that the remonstrants' lands
are assessed too much as compared with certain named persons
who were assessed as benefited in the report filed, is sufficient
on a motion to strike out.   p. 250.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Drainage proceeding by Martha M. Templeton, against
which Joseph F. Stevens and others remonstrate. From a
judgment against the remonstrants, they appeal. *Reversed.*

*Martin A. Morrison* and *Harry C. Sheridan,* for appel-
lants.

*James V. Kent* and *Joseph P. Gray,* for appellees.

MONTGOMERY, J.—Appellee filed her petition in the Clin-
ton Circuit Court for the establishment of a drain under the
act of 1905 (Acts 1905, p. 456, §5622 *et seq.* Burns 1905).
The matter was duly referred to the drainage commissioners,
and, upon the filing of their final report, appellants severally
remonstrated against the same. These remonstrances con-
tained the same allegations, and the body of each was as fol-
lows: "(1) That said report is not made according to
law; (2) that said report is not made according to law in

this, to wit, that said report does not contain any estimate of the costs, damages and expenses of the proposed drainage; (3) that the method of drainage, as proposed by such report, is not according to law; (4) that the location of the drain, as proposed by such report, is not according to law; (5) that the location of the drain and the method thereof, as proposed by said report, are not such as will secure the best results; (6) that the costs, damages and expenses of the proposed drainage will be more than the benefits to the owners of the lands likely to be benefited; (7) that said lands of this remonstrator are assessed too much as compared with other persons assessed as benefited by and in said report, to wit, John N. Russell, Harrison Derrick, deceased, Martha M. Templeton and Garrett Snodgrass; (8) that said lands of this remonstrator will not be benefited to the extent of said assessments against them by the proposed work, if accomplished.''

Appellee thereupon moved to strike out the first, third, fourth, fifth, sixth and seventh of said grounds of remonstrance for the following reasons: ''(1) Neither of said causes of remonstrance tenders any issue either of law or fact; (2) each of said causes of remonstrance is uncertain and indefinite, and tenders no issue as against the report of the commissioners; (3) neither one of said alleged causes of remonstrance tenders any issue; (4) said alleged causes of remonstrance do not, nor does either of them, state facts sufficient to constitute a defense to said petition; (5) neither of said alleged causes of remonstrance states facts sufficient to constitute a defense to said petition.'' The court upon said motion struck out the first, third, fourth, fifth and seventh grounds of remonstrance, and overruled the motion as to the sixth specification, and to each ruling exceptions were properly saved. Thereafter such proceedings were had as resulted in a finding and judgment in favor of appellee.

Appellee has filed motions to dismiss this appeal as to each

of the appellants, upon the ground that the appeal was not taken within the time given by statute. It is provided by the drainage law (§5625 Burns 1905, Acts 1905, p. 456, §4), that "the order of the court approving and confirming the assesments and declaring the proposed work of drainage established shall be final and conclusive, unless an appeal therefrom to the Supreme Court be taken and an appeal bond filed within thirty days." The final judgment establishing the drain and confirming the assessments was made March 15, 1907, and an appeal therefrom prayed and granted upon the filing of a bond within thirty days, with penalty and sureties named and approved. The bond was filed April 3, following, and the record filed in this court on June 1, 1907. This was a compliance with the requirements of the statute. It was the manifest intent of the legislature to authorize only term-time appeals from judgments establishing public drains under this law, and to limit the time of filing appeal bonds to a period not exceeding thirty days.

It is further insisted by appellee's counsel that all persons affected by this proceeding and judgment are not named in the assignment of errors or made parties to this appeal. This is a term-time appeal, and the rule suggested does not apply; but at all events upon vacation appeals in ditch proceedings it is only required that all parties to the judgment from which the appeal is taken be made parties to such appeal. *Smith* v. *Gustin* (1907), 169 Ind. 42; *Kline* v. *Hagey* (1907), 169 Ind. 275. Appellee's motions to dismiss this appeal are accordingly overruled.

The drainage law (§5625, *supra*), authorizes remonstrances to be filed upon certain enumerated causes, among which are: "Fifth. By any person or corporation against whom or against whose lands, benefits are assessed that such person or corporation, or the lands of such person or corporation, specifying the same, are assessed too much, as compared with other persons or corporations or with the lands of other persons or

corporations, specifying such other persons, corporations or lands.'' A particular description of the lands of each remonstrator which had been assessed as benefited was given, and it was then charged, as the seventh ground of remonstrance, that said lands were assessed too much as compared with the assessments of Russell, Derrick, Templeton and Snodgrass. The allegations of the remonstrances followed the language of the statute, and named the particular persons whose assessments were averred to be relatively lower than their own. It is important that public burdens be equitably distributed. An assessment may not be in excess of the benefits resulting to a particular person or piece of property, and yet be very unfair and unjust because too high in proportion to assessments made against the property of others similarly affected. It is urged that the allegations of the remonstrance were too indefinite and uncertain to be sufficient. It may be true that a motion to make more specific should be sustained, and yet a motion to strike out be unwarranted. A degree of liberality is allowed in ditch proceedings, and the strictest rules of pleading are not enforced. The remonstrance is necessarily addressed to the report of the drainage commissioners, in which an exact description of the several tracts of land and the precise assessment against each may be found. The court erred in sustaining appellee's motion to strike out the seventh cause of remonstrance. Other alleged errors occurring subsequently have been assigned and discussed, but as they may not occur again we do not deem it proper to consider them upon this appeal.

The judgment is reversed, with directions to overrule appellee's motion to strike out the seventh cause of remonstrance in the separate remonstrances of appellants Joseph F. Stevens, Lillie B. Floyd and Mary A. Fulkerson, and for further proceedings.