# LAKE SHORE SAND COMPANY *v.* LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

[No. 21,083. Filed June 3, 1908. Rehearing denied December 17, 1908.]

1. APPEAL.—*Interlocutory Orders Appointing Appraisers.—Eminent Domain.*—Under §§4833, 4834 Burns 1901, §§3702, 3703 R. S. 1881, providing for the condemnation of land by hydraulic companies, and §5160 Burns 1901, §3907 R. S. 1881, providing for such con-

458        SUPREME COURT OF INDIANA,

Lake Shore Sand Co. v. Lake Shore, etc., R. Co.—171 Ind. 457.

demnation by railroad companies, no appeal lay from an inter-
locutory order appointing appraisers.  p. 460.

2.  APPEAL.—*Interlocutory Order Appointing Appraiser.—Eminent
Domain.—Statutes.*—Under §933 Burns 1908, Acts 1905, p. 59, §5,
an appeal lies from an interlocutory order appointing appraisers
in an eminent domain proceeding.  p. 460.

3.  SAME.—*Parties.—Jurisdiction.—Statutes.*—Prior to the act of
1895 (Acts 1895, p. 179, §§675, 676 Burns 1908) the appellant in
all appeals—whether term-time or vacation—was required to
make all of his coparties to the judgment coäppellants, otherwise
the Supreme Court had no jurisdiction.  p. 460.

4.  SAME.—*Parties.*—The rule that all parties affected by the judg-
ment below shall be made parties on appeal is based upon the
policy of requiring the decision on appeal to be binding upon all
of the parties interested.  p. 461.

5.  SAME. — *Term-Time. — Parties. — Statutes.*— Under §§675, 676
Burns 1908, Acts 1895, p. 179, §§1, 2, providing for appeals by part
of the coparties to a judgment, it is not necessary, in appealing
under the term-time appeal statute (§679 Burns 1908, §638 R. S.
1881) to make the appellant's coparties coäppellants.  p. 461.

6.  SAME.— *Eminent Domain.— Statutes.— Parties.*— Sections 675,
676 Burns 1908, Acts 1895, p. 179, §§1, 2, providing for appeals
by part of the coparties, and being limited to term-time appeals
taken under §679 Burns 1908, §638 R. S. 1881, do not affect an
appeal taken under the eminent domain statute (§933 Burns 1908,
Acts 1905, p. 59, §5).  p. 461.

7.  SAME.—*Parties.—Eminent Domain.—Statutes.*—In appeals from
interlocutory orders appointing appraisers in eminent domain
proceedings (§933 Burns 1908, Acts 1905, p. 59, §5), the appellant
must make all of his coparties coäppellants, or the Supreme Court
acquires no jurisdiction.  pp. 462, 465.

8.  SAME.—*Parties.—Notice.—Eminent Domain.*—In taking an ap-
peal under the eminent domain statute (§933 Burns 1908, Acts
1905, p. 59, §5) it is not necessary for the appealing party to give
notice of such appeal to his coparties.  p. 462.

9.  SAME.—*Drainage.—Final Judgments.*—Judgments in drainage
cases, under §4276 R. S. 1881, Acts 1881 (s. s.), p. 397, §4, and
§5625 Burns 1901, Acts 1885, p. 129, §4, which established the
drains and confirmed the assessments, were final and appealable,
and there being no provision in such statutes governing appeals,
the general statutes concerning appeals applied.  p. 463.

10.  SAME.—*Term-Time.—Drainage.—Parties.*—A party could take
only a term-time appeal (§679 Burns 1908, §638 R. S. 1881) from
a judgment in a drainage case, §5625 Burns 1901, Acts 1885, p.
129, §4, requiring an appeal bond to be filed within thirty days
from the date of judgment; and he was not required to name his

coparties as coäppellants (§§675, 676 Burns 1908, Acts 1895, p. 179, §§1, 2). p. 463.

11. APPEAL.— *Parties.— Judgment.— Final.— Drains.—* Where the board of commissioners ordered the establishment of a ditch, and the remonstrants appealed, and the circuit court ordered the proceedings dismissed and rendered judgment against petitioners, such judgment was final, and an appeal lay therefrom; and it was not necessary for the appellant to make his coparties coäppellants. p. 464.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Eminent domain proceeding by the Lake Shore & Michigan Southern Railway Company against the Lake Shore Sand Company and others. From a judgment for plaintiff, defendant company appeals. *Appeal dismissed.*

*Crumpacker & Crumpacker* and *D. J. Moran,* for appellant.

*Gilbert R. Call, John B. Peterson, Knapp, Haynie & Campbell* and *Glennon, Cary, Walker & Howe,* for appellee.

MONKS, J.—This proceeding was brought by appellee under an act entitled "An act concerning proceedings in the exercise of eminent domain," approved February 27, 1905 (Acts 1905, p. 59, §893 *et seq.* Burns 1905).

The complaint of appellee named as defendants the Lake Shore Sand Company, appellant herein, Hugh J. Spencer and a number of others. It is alleged in the complaint that the Lake Shore Sand Company is the owner of record, and Hugh J. Spencer is the owner and holder of a mortgage "on the real estate sought to be appropriated, and that each of the defendants claims some interest in said real estate, of the extent and character of which the plaintiff is not informed." Appellant and said Hugh J. Spencer appeared and each filed separate and several objections to the complaint and proceeding. Some of said objections challenged the sufficiency of the complaint, and others presented questions of fact for trial. The judge heard the evidence, and overruled all of said objections, and appointed appraisers under said act in vacation. From said interlocutory order

appointing appraisers appellant appealed, and has not made any of its coparties to said interlocutory order coäppellants with it in this court.

Appellee insists that this court has no jurisdiction of this appeal, because appellant has not made its coparties to the interlocutory order appealed from coäppellants in this court, and moves to dismiss this appeal for that reason.

It was held by this court that an appeal was not authorized from an interlocutory order appointing or refusing to appoint appraisers under §§4833, 4834, 5160 Burns 1901, §§3702, 3703, 3907 R. S. 1881, which provided for the condemnation of real estate under the power of eminent domain. *LaFayette, etc., R. Co.* v. *Butner* (1904), 162 Ind. 460; *Noblesville Hydraulic Co.* v. *Evans* (1904), 163 Ind. 700.

1.

Section five of the act of 1905, *supra* (§933 Burns 1908), expressly provides that an appeal may be taken from an interlocutory order overruling the objections and appointing appraisers "upon filing with the clerk of such court a bond with such penalty as the court, or judge, shall fix, with sufficient surety, payable to the plaintiff, conditioned for the diligent prosecution of such appeal and for the payment of the judgment and costs which may be affirmed and adjudged against the appellants. Such appeal bond shall be filed within ten days after the appointment of such appraisers. All the parties shall take notice of and be bound by such appeal. The transcript shall be filed in the office of the Clerk of the Supreme Court within thirty days after the filing of the appeal bond."

2.

It was held by this court before the taking effect of §§675, 676 Burns 1908, Acts 1895, p. 179, that in all appeals, term time as well as vacation appeals, unless the appellant made all his coparties to the judgment coäppellants with him, this court had no jurisdiction to determine the case upon its merits, and the appeal must be dismissed.

3.

It was so held upon the ground that it is an elementary rule in appellate proceedings that all .the parties to and affected by the judgment appealed from must be in-

4.  cluded in the appeal, so that one appeal may dispose of all questions in the case in a manner that shall bind all such parties. *Gregory* v. *Smith* (1894), 139 Ind. 48; *Benbow* v. *Garrard* (1894), 139 Ind. 571; *Wood* v. *Clites* (1895), 140 Ind. 472; *Inman* v. *Vogel* (1895), 141 Ind. 138; *Gourley* v. *Embree* (1894), 137 Ind. 82; *Vordermark* v. *Wilkinson* (1895), 142 Ind. 142; *Abshire* v. *Williamson* (1898), 149 Ind. 248.

Sections 675, 676, *supra,* change this rule as to appeals taken under §679 Burns 1908, §638 R. S. 1881. Section 675, *supra,* provides: ''That whenever a part of any

5.  number of coparties against whom a judgment has been taken, shall appeal from such judgments to the Supreme or Appellate Court under the provisions of §638 of the Revised Statutes of 1881, providing for term-time appeals, it shall not be necessary to make such coparties not appealing, parties to the appeal, and it shall not be necessary to name them as appellants or appellees in the assignment of errors, but they shall be bound by the judgment on appeal to the same extent as if they had been made parties. After any such appeal has been perfected any coparty not joining therein may, at any time, while such appeal is pending, and within one year from the date of the final judgment, assign errors for himself upon the record and have all questions properly presented, decided by the court, and he shall have all the rights in relation to such appeal, that he would have had if he had joined in the appeal originally.''

It is evident that §§675, 676, *supra,* have no application to appeals like the one before us, taken under §933,

6.  *supra,* because said sections are limited to appeals taken under §679, *supra.*

It is clear that this appeal is governed as to parties in this court by the general rule, applicable to appellate proceed-

ings, before stated, that all the parties to and affected
7. by the judgment appealed from must be made parties
on appeal to give the court jurisdiction to determine
the case upon its merits. *Kline* v. *Hagey* (1907), 169 Ind.
275, 277, 278, and cases cited.

The effect of the provision of §933, *supra,* under which
this appeal was taken, that "all parties shall take notice of
and be bound by such appeal," is that no notice need
8. be given to the parties of such appeal, but it does not
change the general rule as to who must be made par-
ties to the appeal in this court.

We hold therefore that in appeals under §933, *supra,* an
appellant must make all his coparties to the interlocutory
judgment or order appealed from coäppellants in this
7. court to give this court jurisdiction to determine the
appeal upon its merits, and unless this is done the
appeal must be dismissed. *Kline* v. *Hagey, supra; Lowe* v.
*Turpie* (1897), 147 Ind. 652, 690-692.

This appeal is therefore dismissed.

Gillett, C. J., took no part in this decision.


## On Petition for Rehearing.

Monks, J.—Appellant in its brief on petition for a re-
hearing insists that the holding in this case is in conflict
with *Stevens* v. *Templeton* (1908), 170 Ind. 248, and *Smith*
v. *Gustin* (1907), 169 Ind. 42.

*Stevens* v. *Templeton, supra,* was a drainage proceeding
in the circuit court under the drainage act of 1905 (Acts
1905, p. 456, §§5622-5635 Burns 1905). The court, un-
der §5625, *supra,* rendered a judgment establishing the pro-
posed drain, and approved the assessments made to pay the
cost of construction. From this judgment an appeal was
taken.

It has been uniformly held by this court under section
four of the drainage act of 1881 (Acts 1881 [s.s.], p. 397,

NOVEMBER TERM, 1908.    463

Lake Shore Sand Co. v. Lake Shore, etc., R. Co.—171 Ind. 457.

§4276 R. S. 1881), and section four of the drainage act of 1885 (Acts 1885, p. 129, §5625 Burns 1901), that the judgments of the court establishing the drain and approving the assessments under said sections were final judgments. *Higbee* v. *Peed* (1884), 98 Ind. 420, 424; *Crume* v. *Wilson* (1886), 104 Ind. 583, 587; *Hudson* v. *Bunch* (1888), 116 Ind. 63, 64; *Perkins* v. *Hayward* (1892), 132 Ind. 95, 102; *Hoefgen* v. *Harness* (1897), 148 Ind. 224, 226-229; *Osborn* v. *Maxinkuckee, etc., Co.* (1900), 154 Ind. 101; *Pleasant Tp.* v. *Cook* (1903), 160 Ind. 533, 537; *Board, etc.,* v. *Jarnecke* (1905), 164 Ind. 658, 661-664; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 210. There was no provision for an appeal from such judgments contained in either of said drainage laws, but appeals have been uniformly taken from such judgments, either in term time, under §679 Burns 1908, §638 R. S. 1881 (*Keiser* v. *Mills* [1904], 162 Ind. 366; *Goodrich* v. *Stangland* [1900], 155 Ind. 279), or in vacation, under §681 Burns 1908, §640 R. S. 1881 (*Ex parte Sullivan* [1900], 154 Ind. 440; *North* v. *Davisson* [1902], 157 Ind. 610). This was proper because said judgments were final judgments of the circuit court, and an appeal therefrom was expressly authorized by said sections.

When, therefore, an appeal was taken from such judgments under §679, *supra*, it was a term-time appeal, and was governed by §§675, 676 Burns 1908, Acts 1895, p. 179, as to who should be named as appellants in the assignment of errors.

Section 5625 Burns 1905, Acts 1905, p. 456, §4, provided that "the order of the court approving and confirming the assessments and declaring the proposed work of drainage established shall be final and conclusive, unless an appeal therefrom to the supreme court be taken and an appeal bond be filed within thirty days." It will be observed that said section did not grant or authorize an appeal from such judgment, but the right to appeal under

464　　SUPREME COURT OF INDIANA,

Lake Shore Sand Co. *v*. Lake Shore, etc., R. Co.—171 Ind. 457.

some other law was recognized by said section. Such right, however, was made to depend on the condition that an appeal therefrom be taken, and an appeal bond filed within thirty days after the rendition of the final judgment establishing the proposed drain and approving the assessments. It is evident if said provision requiring the appeal to be taken and the appeal bond filed within thirty days had been omitted from said section, that the right to take either a term-time or vacation appeal would exist under the provisions of the sections of the code of civil procedure, before mentioned, the same as from the final judgments establishing drains and approving the assessments under the drainage acts of 1881 and 1885, *supra*. On account of said provision requiring the appeal to be taken and the appeal bond filed within thirty days, it was held by this court in *Stevens* v. *Templeton, supra,* that it was the intent of the General Assembly to limit appeals from judgments establishing drains and approving assessments under said drainage act of 1905 to term-time appeals under §679, *supra,* and that therefore the question of who shall be named in the assignment of errors as appellants in such appeals was governed by §§675, 676, *supra,* and that under said last-named sections the appellants in said appeal were not required to make their coparties to the judgments in the court below coappellants with them in the assignment of errors. *Keiser* v. *Mills, supra; Goodrich* v. *Stangland, supra.*

*Smith* v. *Gustin, supra,* cited by appellant, was a proceeding commenced before the board of commissioners for the establishment of a public ditch. An appeal to the circuit court was taken from a final judgment of the board establishing the ditch. On motion of appellees the proceeding was dismissed by the circuit court, and judgment rendered against the petitioners. This was a final judgment, because it finally disposed of said cause in said court. *Kline* v. *Hagey* (1907), 169 Ind. 275; *Smith* v. *Gustin, supra;* Elliott, App. Proc., §§81-85, 90. The petition-

ers perfected a term-time appeal therefrom under §679 Burns 1908, §638 R. S. 1881. As the appeal in said case was properly taken under said section this court held that under §§675, 676 Burns 1908, Acts 1895, p. 179, appellants were not required to make all the parties against whom judgment was rendered coäppellants with them in this court. Said cases, being appeals from final judgments taken under §679, *supra*, of the code of civil procedure, were correctly decided, and are in no way in conflict with the opinion in this case.

The right to appeal from the interlocutory order made in this case is not granted by §679, *supra*, or any other section of the code of civil procedure, but is only authorized by section five of the act of 1905 (Acts 1905, pp. 59, 61, §933 Burns 1908), and there is nothing in said section changing the general rule stated in the original opinion as to who must be named as appellants in the assignment of errors.

The petition for rehearing is overruled.