## PREBSTER ET AL. *v.* HENDERSON ET AL.

[No. 22,784. Filed June 27, 1916. Rehearing denied January 5, 1917.]

1. APPEAL.—*Vacation.*—*Parties.*—*Notice.*—In a vacation appeal the party appealing must make all his coparties to the judgment coappellants and give them proper notice of the appeal. p. 24.

2. WILLS.—*Establishment.*—*Action to Resist Probate.*—*Appeal.* —*Parties.*—In a vacation appeal from a judgment in an action to resist the probate of a will, the party appealing need not join decedent's sister as a coappellant, where she was not beneficially interested in the will, did not object to its probate and was not a party below nor required to be under §3154 Burns 1914, providing that in any action to resist the probate

of a will the executor and all other persons beneficially interested shall be made defendants.   p. 24.

3. APPEAL.—*Notice of Appeal.—Mistake in Name.—Idem Sonans.*—The publication of a notice of appeal to Harley Tout wherein the name appeared as Harley Trout was sufficient, since the names are so similar in sound as to be regarded as *idem sonans.*   p. 24.

4. APPEAL—*Parties.—Infants.—Guardian Ad Litem.*—Where, in an action to resist the probate of a will, infant parties were served with notice of the appeal and were named as appellees, it was unnecessary to serve their guardian *ad litem* with notice or to make him an appellee.   p. 25.

5. WILLS.—*Establishment.—Action to Resist Probate.—Verification of Objections.—Waiver.*—Where the objections to the probate of a will were not verified as required by §3154 Burns 1914, Acts 1911 p. 325, but no objection was made thereto for want of verification until after the proponents of the will had introduced their evidence and the objectors offered evidence to support the objections, the court should have treated the defect as waived, since it was not jurisdictional, or permitted the filing of tendered verified objections.   p. 25.

6. WILLS.—*Action to Resist Probate.—Pleadings.—Allegations. —Sufficiency.—Statute.*—Where objections to the probate of a will are filed in the circuit court under §3154 Burns 1914, Acts 1911 p. 354, it is not necessary to allege that they are not filed for vexation or delay, such allegations being necessary only when objections are filed with the clerk under §3153 Burns 1914, §2595 R. S. 1881, to obtain a continuance until the succeeding term of court.   p. 27.

7. NAMES.—*Idem Sonans.*—The phonetic spelling of two names need not be exactly identical to constitute them *idem sonans.* p. 28.

From Boone Circuit Court; Meade Vestal, *Special Judge.*

Action by Anderson Prebster and others against Ward Henderson and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*Bachelder & Bachelder, William J. Wood* and *Thad S. Adams,* for appellants.

. *A. J. Shelby, George C. Harvey, Drenan R. Harvey, Samuel Ashby* and *George R. Harvey,* for appellees.

LAIRY, J.—The record in this case shows that on Feb-

ruary 18, 1913, which was the thirty-eighth judicial day of the January term of the Hendricks Circuit Court, a paper purporting to be the will of Eliza Henderson was offered for probate in that court. By this will all of her property charged with the payment of certain legacies was given to Ward Henderson, who was nominated executor. As a part of the same order-book entry, under the same date, it is shown that appellants appeared and filed objections to the probate of such will on the grounds that said will was unduly executed, that at the time of its execution the testator was a person of unsound mind, and that she was unduly influenced in its execution. The objections show that Eliza Henderson left appellants Anderson Prebster and Everson Prebster, her brothers, and a sister, Emma Tout, as her sole heirs. The objections thus filed were not verified and did not state that the same were not filed for vexation or delay as required by §3153 Burns 1914, §2595 R. S. 1881. Upon the filing of these objections further proceedings were continued.

The objectors caused personal notice to be given to the beneficiaries under the will who were residents of Indiana and gave notice by publication to the beneficiaries who were nonresidents of the state. Notice by publication was also given to Emma Tout, who was not a beneficiary under the will, but an heir of the testatrix who did not join in the objections filed. She did not appear or file any pleading in the cause. The proceeding was transferred to the Boone Circuit Court where a trial was had resulting in a judgment establishing the validity of the will and admitting it to probate.

In the assignment of errors on appeal Anderson Prebster and Everson Prebster, contestors below, appear as appellants, and all of the beneficiaries named in the will and the executor nominated therein are named as appellees. Emma Tout was also named as an appellee.

Appellees assert that the appeal has not been so perfected as to give this court jurisdiction for the reason that Emma Tout should have been named as an appellant. This is a vacation appeal and it is well settled that, in such appeals, the party appealing must make all his coparties to the judgment coappellants and give them proper notice of such appeal. *Lake Shore Sand Co.* v. *Lake Shore, etc., R. Co.* (1908), 171 Ind. 457, 86 N. E. 754; *Gregory* v. *Smith* (1894), 139 Ind. 48, 38 N. E. 395.

In this case, however, Emma Tout was not a coparty with appellants to the judgment below. She was not a party to such judgment at all and was in no way bound by it. She filed no objection to the probate of the will and she was not a necessary party under the terms of §3154 Burns 1914, Acts 1911 p. 325, which requires that the executor and all other persons beneficially interested in the will shall be made defendants. Section 3157 Burns 1914, §2599 R. S. 1881, provides that the final determination of such cause against the plaintiff shall not debar any other person from contesting such will within said three years. The affirmance or reversal of this judgment cannot affect the rights of Emma Tout and therefore she was not a necessary party on appeal. As all of the parties against whom the judgment was rendered in the trial court are made appellants and all of those beneficially interested in the will are named as appellees, the objection under consideration is without merit.

Notice of the appeal by publication was given to nonresident appellees in which the name of Harley Tout was spelled Harley *Trout*. The same mistake appears in the spelling of the names of two other appellees. This does not have the effect of invalidating the notice as the names are so similar in sound as to be regarded as *idem sonans*. *Schofield* v.

*Jennings* (1879), 68 Ind. 232; *City of New Albany* v. *Stier* (1904), 34 Ind. App. 615, 72 N. E. 275.

In the trial court the minority of two of the beneficiaries under the will was suggested and a guardian *ad litem* was appointed and filed answers. Appellees assert that such guardian *ad litem* should have been named as an appellee and served with notice of the appeal. The guardian *ad litem* was not a party, but was appointed by the court to protect the interest of the infant parties defendant. The judgment was not rendered against him but against the parties represented by him. They were named as appellees on appeal and notice given to them. This was sufficient.

Numerous other objections are urged to the proceedings for perfecting this appeal, all of which have been fully considered. Without extending the opinion to discuss each separately, the court is of the opinion that none of the objections urged is fatal to the appeal, and that the record is sufficient in form to enable it to pass upon the vital questions involved.

Upon the trial of the case before a jury, the proponents, having the burden of the issue, introduced evidence to show that the will was duly executed and, at the time of its execution, the testatrix was of sound mind and under no coercion or restraint, and that she died in Hendricks county, Indiana, some time prior to the date on which the will was offered for probate. At the close of proponent's evidence the objectors offered evidence to sustain their objections. To this evidence the proponents objected on the ground that the objections filed were not verified, and that they did not state that they were not filed for vexation or delay. Pending the objection the objectors tendered and offered to file a verified objection containing the omitted statement. The court refused to permit the amended objections to be filed, sustained the objection to the of-

fered evidence, and declined to permit the objectors to call witnesses or to offer any evidence in support of their objections. Over the objections of appellants, the jury, under the instructions of the court returned a verdict in favor of proponents upon which the court entered judgment.

As a basis for these rulings, the trial court held and decided that the objections filed were wholly insufficient to present an issue and that no evidence could be properly admitted in their support. In this the court erred. It has been held by this court that the verification of the objections to the probate of a will is not jurisdictional. *Sutherland* v. *Hankins* (1877), 56 Ind. 343. In the case of *Lange* v. *Dammier* (1889), 119 Ind. 567, 21 N. E. 749, the failure to verify was first raised by a motion in arrest of judgment and it was held that the objection came too late. The court said: "Had an objection been made at the proper time, and in the proper manner, it would have been the duty of the court to have stricken out all averments relating to the execution of the will and the mental condition of the testator, unless a verification of the paragraph had immediately followed the objection; but the appellees having joined issue, submitted to trial, and a verdict having been returned, without any objection having been made, all right to object was waived. * * * The objection should be made before entering upon the trial, otherwise, it comes too late." In this case no objection to the want of verification was made until after proponents had introduced their evidence and appellants had offered evidence to support their objections, and then an offer was made to file amended objections which were verified. The court should have treated the defect as waived or, at least, should have permitted the verified objections to be filed. It is not necessary to allege that the objections are not filed for vexation

or delay as provided by §3153 Burns 1914, *supra*,
6.   where, as in this case, the objections to the probate are filed in court as provided by §3154, *supra*. The first section provides for the filing of objections with the clerk of the court to a will then offered or which may be offered for probate before him. The effect of the filing of such objections is to prevent the probate of such will before the clerk and to require him to continue the probate of the will when offered until the succeeding term of the court. No notice of the filing of these objections is required. *Ahearn* v. *Burk* (1912), 179 Ind. 179, 99 N. E. 1004. If, at the term next succeeding the offer of probate before the clerk, objections be made before such court, reasonable time shall be allowed to the party making the same to resist such probate; but, if the party contesting such will fails to resist its probate at such succeeding term the judge of such court may admit it to probate. §3153, *supra*. The next section relates to the proceedings in the circuit court for resisting the probate of a will or contesting its validity after probate. It provides for the filing in the circuit court of verified allegations in writing setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress, or was obtained by fraud, or any other valid objection to its validity or to the probate thereof. The section provides for notice to the executor and all other persons beneficially interested in the will, but it does not require an allegation that the objections are not filed for vexation or delay.

On account of the errors pointed out, the judgment is reversed, with directions to the trial court to grant appellants' motion for a new trial, and to permit the filing of appellants' amended objections.

### On Petition for Rehearing.

LAIRY, C. J.—On petition for rehearing appellees assert that this court erred in its original opinion in holding that the name "Trout," as appearing in the notice of appeal given by publication, is *idem sonans* with the name "Tout," which was the real name of three of the appellees. It is claimed that the mistake in the spelling of the names of the appellees is of such a nature as to render the notice by publication of no effect; and that as no notice of the appeal was given as to the appellees whose names were thus mispelled, this court has no jurisdiction of the appeal; and that the appeal should have been dismissed for that reason.

The court was not without authority for holding that the names "Trout" and "Tout" are *idem sonans*. In *Stewart* v. *State* (1836), 4 Blackf. 171, the names "Beckwith" and "Beckworth" were held to be *idem sonans,* and a like holding was made as to the names "Conn" and "Corn." *Moore* v. *Anderson* (1856), 8 Ind. 18. In both of the cases cited the sound of the letter "r" was disregarded, it being held that the presence of the sound in one of the names and not in the other did not prevent them from being considered *idem sonans*.

It has never been announced as the rule in this 7. state that the phonetic spelling of two names must be exactly identical to constitute them *idem sonans*. The language used in the opinion in the case of *Schofield* v. *Jennings* (1879), 68 Ind. 232, is not necessary to the decision of the question which was before the court. In that case the court had under consideration the effect of a mistake in the middle letter of a name, the similarity in the sound of names not being involved. An appeal should not be dismissed for such a trivial mistake, especially where the rights of appellees cannot be prejudiced by retaining jurisdiction.

The judgment of the trial court is erroneous and appellees have no right to retain any advantage given by it. The record, while imperfect in some particulars, is sufficient to disclose the error. The petition is overruled.

NOTE.—Reported in 113 N. E. 241, 114 N. E. 691. Application of doctrine of *idem sonans*, 100 Am. St. 330; 29 Cyc 272.