## BONEWITZ v. KRATZ.

[No. 9,677.   Filed April 25, 1918.]

1. ADVERSE POSSESSION.—*Evidence.—Sufficiency.*—In an action to enjoin defendants from entering upon and removing timber from certain real estate claimed by plaintiff, evidence *held* insufficient to show title in defendants by twenty years' adverse possession. p. 520.
2. TRIAL.—*Special Findings.—Failure to. Find.—Effect.*—Where there was evidence tending to support the findings of the court for plaintiff, the failure of defendant to secure a finding of facts necessary to sustain his contentions is a finding against him as to those facts. p. 520.

From Huntington. Circuit Court; *Samuel E. Cook,* Judge.

Action by Elizabeth Kratz against Jacob Bonewitz and others. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*Bowers & Feightner,* for appellant.
*S. M. Sayler,* for appellee.

FELT, J.—Appellee brought this suit against appellant, and two other persons who are not parties to the appeal, to enjoin the defendants from entering upon and removing timber from certain real estate of which she claims to be the owner in fee simple. Appellee obtained a temporary restraining order, which was duly served on the defendants.

Appellant filed an answer to the complaint in four paragraphs, the first of which was a general denial. The second alleges in substance that for more than twenty years prior to the commencement of this suit, appellant, under a claim of right, was in the actual, open, notorious, exclusive, continuous and hostile possession of the real estate described in the complaint. The third paragraph alleges that the plaintiff's cause of action did not accrue within twenty years immediately prior to the commencement of this action. In the fourth paragraph appellant sets up facts to show that the question in this suit had been adjudicated in 1879 by the former owners and privies in interest with appellant and appellee; that said adjudication was against the grantors of appellee, remained in full force and effect and is binding upon appellee. Prayer that title be quieted in appellant and against appellee.

Replies in general denial were filed to the affirmative paragraphs of answer.

A request for a special finding of facts was duly made and granted.

Upon the trial certain questions of fact were submitted to a jury for the information of the court.

The court made a finding of facts as follows:

"1st. That in an action pending in the Huntington Circuit Court wherein Henry Bonewitz was the plaintiff and John Wygant and Charles Wygant were the defendants involving the title to the real estate described in the plaintiff's complaint, to wit: The island in the Wabash River in Huntington County in the State of Indiana, at a point where the Wabash River crosses the southeast corner of section 33 and the southwest corner of section 34 in township 28

north, range 10 east. Final judgment was duly given, made and rendered in said cause on the 22nd day of January, 1879, in and by which it was decreed and adjudged by said Court that Henry Bonewitz should take nothing by his suit as to the real estate described in plaintiff's complaint herein, and in which it was also decreed and adjudged that the title of the said John Wygant and Charles Wygant in and to the said real estate should be forever quieted as against the said Henry Bonewitz and any person claiming title under him. That afterwards the said Henry Bonewitz appealed the said case to the Supreme Court of Indiana and such proceedings were had therein that afterwards on the 16th day of September, 1881, said Supreme Court in all things affirmed said judgment of said Circuit Court; that said judgments have never been set aside or modified in any manner and that since said date both of said judgments have been and are still in full force and effect in law. 2nd. That by virtue of conveyance from the said John A. and Charles Wygant and other intermediate conveyances George W. Kratz, the husband of the plaintiff, became the owner of the real estate described in finding No. 1 on the third day of April, 1889, and on the 9th day of June, 1900, he died the owner thereof; that in 1910 in a partition' suit in the Huntington Circuit Court between the heirs of said George W. Kratz, the plaintiff, Elizabeth Kratz, became the owner of the said real estate by deed from Samuel M. Sayler, commissioner in said cause. 3rd. That the defendant Jacob Bonewitz in this cause is a son of the said Henry Bonewitz named in finding No. 1 and claims as grantee herein from his said father. 4th. That the plaintiff, Elizabeth Kratz, at and before the com-

mencement of this action was and still is the owner in fee simple of the island described in finding No. 1 herein and that said island extends to the thread of the Wabash River surrounding the same. 5th. That prior to the commencement of this action the defendants, Jacob Bonewitz, Abraham May and Edward E. Youse, unlawfully entered upon said island and cut down the oak tree described in the complaint and were threatening to cut down other trees on said island and would have done so unless restrained by the Court; that said trees which the defendants were threatening to cut are located along the outer edge and banks of said island near to the water of the said river surrounding the island and the said trees and roots thereof are necessary to protect said island from being washed away by reason of floods and if the said trees and brush are removed the water and floods of the said river will wash away the dirt of said island and greatly damage and irreparably injure the same. 6th. That said island has been damaged in the sum of ten ($10.00) dollars by the cutting of the said oak tree as described in the plaintiff's complaint.''

On the foregoing finding of facts the court stated its conclusions of law as follows: ''1st. That the law is with the plaintiff. 2nd. That the temporary restraining order herein should be made permanent against the defendants and that said defendants and each of them should be perpetually enjoined from cutting any of the trees or timber described in the complaint and the above findings, or committing any waste on said island. 3rd. That the defendant Jacob Bonewitz is not entitled to recover anything on his answers in this action. 4th. That the plaintiff

should also recover ten ($10.00) dollars damages against the defendants and the costs of this action. "December 14, 1915.    Samuel E. Cook, Judge."

The judgment follows the conclusions of law.

Appellant filed a motion for a new trial, which was overruled. The only error assigned and relied on for a reversal of the judgment is that the court erred in overruling appellant's motion for a new trial. A new trial was asked on several alleged grounds. The briefs are very uncertain and indefinite as to the grounds relied upon. By a liberal construction we may reasonably infer that the question relied on is the sufficiency of the evidence to support the finding of facts. Stated more specifically, it is whether the undisputed evidence shows that appellant by proof of facts showing adverse possession has established his ownership and right to possession of that part of the island lying between the line of the old fence and the thread of the stream surrounding the island.

The complaint in the suit brought by Henry W. Bonewitz in 1879 was offered in evidence. In it the plaintiff alleged that he was the owner in fee simple and entitled to the possession of fifteen acres of land forming a part of the south bank of the Wabash river, being the north part of the northwest fractional quarter of section 3, township 27 north, range 10 east, in Huntington county, Indiana.

The verdict of the jury in the case reads as follows: "We, the jury, find for the defendants and we find that John A. Wygant and Charles Wygant are the owners of the said real estate."

The pleadings and record of proceedings in the former case were in evidence, and among other things it is shown that after the verdict was returned the de-

fendants by Sayler and Milligan, their attorneys, entered a remittitur in substance as follows: It being manifest that the verdict is by mistake too large, that the tract intended to be awarded the defendants is the tract described in their cross-complaint instead of the plaintiff's complaint, therefore the defendants do now enter their remittitur to all of said lands described in the complaint except that certain portion described in defendants' cross-complaint, being the island which is and has been in defendants' possession, containing 8.13 acres.

The record of the government patent issued to John A. Wygant and Charles Wygant, on October 28, 1876, was in evidence, wherein the real estate was described as the island in Wabash river situated in section 3, in township 27, and in section 34, township 28 north of range 10 east in the district of lands subject to sale at Indianapolis, Indiana, containing 8.30 acres.

Both appellant and appellee hold the record title to certain lands. Appellant's land is described as the northwest fractional quarter of section 3 aforesaid, and appellee's as the island in the Wabash river in Huntington county, Indiana, at a point where the Wabash river crosses the southeast corner of section 33, and the southwest corner of section 34, in township 28 north, range 10 east.

Appellant concedes that appellee's predecessors settled and adjudicated their title to certain portions of said island in the former suit, but contends that they, and appellee, were and are limited to 8.13 acres, which was inclosed by a fence, and that it did not include certain portions outside such fence and next to the stream.

There is evidence tending to show that a survey by latitudes and departures indicated that the island contains 9.95 acres, and that a survey by triangulation indicated that it contains 8.37 acres; also that the cleared portion contains 7.77 acres.

The evidence also tends to show that a stream of water flows around the island, on all sides thereof, the general direction of which is from east to west; that the main channel is north of the island; that a fringe of shrubs and timber, varying in width from a few feet to several rods, is on the outer edge of the island between the water and the cleared land which was formerly inclosed by a fence; that the soil is of a sandy nature and inclined to wash, and on a portion of the north side of the island high water has washed it away and removed a part of the fringe of shrubs and timber that formerly grew near the water's edge; that the fringe and timber and shrubs was left to prevent high water washing away the soil; that at places the banks of the stream are high and well defined, and at other places the ground slopes gradually from the higher level of the island to the level of the water in the stream, but the banks are discernible at all places; that the tree that was cut and which gave rise to this suit stood on sloping ground between the old fence line and the edge of the stream at low-water mark, on the eastern part of the island.

Appellant and appellee and their predecessors in title respectively paid taxes on their respective lands described as above indicated.

John Wygant testified in substance that he and his brother bought the island in 1871; that they did not claim the land along the stream next to the land of

Bonewitz, but did claim the land around the edge of the island and between the fence and the north channel of the stream; that there were two channels south of the island; that appellant and his father sometimes claimed the same strip, even after the former litigation, but that they never had possession of it and never tried to prove it up; that he talked to Henry Bonewitz about it, and said, "Henry, the way I understood that, the Court gave us the boundary between the waters all around," and Henry said the court did not. The witness also testified that Bonewitz "never cut a tree off of the island while we owned it"; that he and his brother claimed possession of the strip around the cleared land and always went in on the island.

Charles Wygant testified that Bonewitz never claimed possession of the land outside the fence after the former litigation; that three or four years thereafter, while Sam Stetzel owned the island he, the witness, cut and hauled away a tree that stood within about two rods of the tree mentioned in the complaint.

William Holmes testified that he worked for appellee eight or nine years before this trial, and at her direction hauled timber from the south side of the island between the fence line and the stream; that he also cut timber from the same portion of the island; that most of his work was on the south side of the island next to Bonewitz, who saw him at work frequently; that he worked all fall and late in the winter, and Bonewitz never objected except once, and that was when he was finishing up his work, but he went ahead and finished anyhow.

Appellee testified that appellant, after the death

of her husband in 1890, had cut some timber off of the island; that when she saw him she told him not to take away any more timber from the island, for it belonged to her; that all the timber he cut and removed from the island was without her consent, and most of it without her knowledge at the time.

Howard Kratz, a son of appellee, testified that some timber had been cut and removed from the island in the winter of 1903-4 without the knowledge or consent of his mother or any one representing her; that during the time his father owned the island from 1889 to 1900, when he died, no timber was cut or removed from the island; that on one occasion shortly before this suit they heard a tree fall, and he immediately went and found that the tree was on the island, and also found some men cutting a tree on the south side of the bayou, who told him they had cut the tree on the island for Mr. May, and he notified them not to cut any more. He also testified that his mother did not claim the lowland across the stream or in the bayou; that certain bolts mentioned by other witnesses were cut on the lowland across the bayou on the land of Bonewitz which they had never claimed.

There was evidence strongly tending to show that appellant and his father claimed the island up to the fence, and that they had cut and removed timber therefrom, and in other ways asserted their claim of ownership. But the evidence above set out and other of a similar character tends to show that appellee and her predecessors in title had on many occasions disputed appellant's right and claimed title to the thread of the stream surrounding the island.

On this state of the record appellant's contention that the undisputed evidence shows that he has had

the actual, open, exclusive, continuous and un-
1.  interrupted possession of the island outside of
the line of the old fence since and before the
other suit above mentioned cannot be sustained.

There is evidence tending to show that appellee
owns the island to the thread of the stream surround-
ing the same and tending to support all the
2.  findings of the court. Such being the situa-
tion, the failure of appellant to secure a find-
ing of the facts necessary to sustain his contentions
is a finding against him as to those facts.

There is practically no dispute about the law of
the case, and the controversy turns upon the suffi-
ciency of the evidence to support the finding of facts.
The following decisions are decisive of the law ap-
plicable to the several questions in the case: *Horn* v.
*Lupton* (1914), 182 Ind. 355, 362, 105 N. E. 237, 106
N. E. 708; *Elliott* v. *Pontius* (1894), 136 Ind. 641, 647,
648, 35 N. E. 562, 36 N. E. 421; *Hitt* v. *Carr* (1916), 62
Ind. App. 80, 93, 104, 114, 109 N. E. 456, and cases
cited; *McBeth* v. *Wetnight* (1914), 57 Ind. App. 47,
52, 106 N. E. 407; *Steeple* v. *Downing* (1878), 60 Ind.
478, 502; *Henderson* v. *Griffin* (1831), 5 Pet. (U. S.)
151, 158, 8 L. Ed. 79, 81; 2 C. J. 64, 93, 94, and
cases cited.

Judgment affirmed.

NOTE.—Reported 119 N. E. 380. See under (1) 2 C. J. 276; (2)
38 Cyc 1985. Adverse possession, essentials, 28 Am. St. 158; 88
Am. St. 701.