## BROWN v. BROWN.

[No. 14,959. Filed March 7, 1935. Rehearing denied June 3, 1935.]

*Frank B. Ross* and *Norman E. Patrick*, for appellant.

*Charles L. Barry*, and *John H. Rader*, for appellee.

CURTIS, J.—From the special finding of facts, made at the request of one of the parties herein, it is shown that this was a proceeding to probate the will of Mary D. Marsee, deceased, by Hiram Brown, who is a beneficiary under said will and also nominated therein to be the executor thereof; that the testatrix died July 5, 1932, a resident of Marion County, Indiana, and the owner of real estate and personal property situated therein; that the Probate Court of Marion County was at the time in vacation and remained in vacation until the next regular term commencing September 6, 1932, excepting that adjourned sessions, pursuant to adjournment of the June term of said court were held on July 29, 1932, and on August 19, 1932; that on July 9, 1932, the appellee left with the clerk of the Marion Circuit Court a written memorandum in words and figures as follows:

"Will of Mary D. Marsee
    Lyndsay M. Brown heir and legatee.
    Notice of objections to probate;"

that nothing further was contained in said written memorandum; that on July 11, 1932, the appellant appeared before said clerk and filed the will of Mary D. Marsee for probate, and at the same time gave the required testimony as to the death of said testatrix and brought with him one of the subscribing witnesses to said will, who testified as to the due execution thereof by said testatrix, all of which testimony was written down by the clerk upon printed forms provided for

such purpose, and subscribed by the witnesses; that the clerk then refused to proceed further in said matter because of the written memorandum above referred to; that no objections to the probate of said will, other than the said written memorandum, were on file when said will was offered for probate and said proceedings had before the clerk; that appellant thereafter commenced this proceeding by a petition filed September 7, 1932, asking the court to order said will admitted to probate, and this appeal is prosecuted from the judgment denying said petition; that in the meantime, between July 11, 1932, and September 7, 1932, to wit, on the 8th day of August, 1932, the appellee Lyndsay M. Brown, as plaintiff, filed in the Probate Court of Marion County his verified complaint in writing, objecting to the probate of said will and testament of said Mary D. Marsee, deceased, in which said complaint Noble F. Marsee and others, including the appellant, are named as defendants; that among the allegations of said complaint are the following:

. "The plaintiff further alleges that said pretended will is invalid and that the same should not be probated for the following reasons:

"1. That said Mary D. Marsee was of unsound mind and incapable of making a will at the time of the execution of said pretended will.

"2. That said pretended will was unduly executed.

"3. That said pretended will is not the last will and testament of said decedent.

"4. That said Mary D. Marsee was unduly influenced to execute said pretended will.

"Said plaintiff further alleges that said objections to the probate of said pretended will are not made for the purpose of vexation or delay, but are made in good faith and the plaintiff may secure his rights in the premises.

"Wherefore, the plaintiff asks that said pretended will be adjudged and held invalid and of no effect and that the probate thereof be refused and for all other proper relief in the premises." It is further found that after filing said complaint said plaintiff caused summons to be issued to all of the defendants named therein, who were residents of the State of Indiana, making the same returnable September 6, 1932; that he also caused notice by publication to be given to all the defendants named in said complaint who were non-residents of the State of Indiana, making the same returnable October 10, 1932; that on the 31st day of August, 1932, Frank B. Ross entered his special appearance as attorney for the defendants named in said complaint; that no action has been taken by said court, or by either said plaintiff, or defendants, in said cause, or on said complaint, since the filing of said special appearance by said Frank B. Ross on August 31, 1932.

The court further found that on the 7th day of September, 1932, said Hiram Brown filed his *ex parte* petition, being the petition in the instant case, in said court asking that said last will and testament of said Mary D. Marsee be admitted to probate by said court, and wherein he alleged that the clerk of said court wrongfully and unlawfully failed and refused to admit said will to probate on July 11, 1932. The prayer of the said *ex parte* petition is as follows: "Wherefore, this petitioner prays the court that said will be immediately admitted to probate; that he be appointed executor of said estate, and that the court designate the amount of bond he shall be required to give as such executor.

"And this petitioner also prays the court for all other proper relief in the premises."

The court further found substantially as follows: That said petition filed by said Hiram Brown asking that said will be probated was set for trial and hearing

by said court on September 20, 1932; that said Lyndsay M. Brown appeared to said petition in person, and by his attorneys, Charles L. Barry and John H. Rader, and that they introduced their evidence in said cause on behalf of said Lyndsay M. Brown, after objections to said hearing had been overruled, that after swearing the witnesses to hear the evidence on the said *ex parte* petition to probate the alleged will of the said Mary D. Marsee, deceased, the said Lyndsay M. Brown again interposed his objections to the hearing of the petition in the words and figures as follows:

"Comes now the contestor after the swearing of the witnesses to try the petition of the executor filed to probate the will of Mary D. Marsee and objects to the hearing of said petition for the probate of the will of Mary D. Marsee on the ground that heretofore, to wit: on August 8, 1932, the contestor Lyndsay M. Brown filed his objections and complaint to resist the probate of the will of Mary D. Marsee, and caused citation to be issued and resident defendants summoned and non-resident defendants notified by publication of the filing of the objections and complaint to resist the probate of the will of said decedent; the contestor Lyndsay M. Brown further objects to this hearing of the petition to probate the will of Mary D. Marsee on the ground that a written petition and hearing is not required under the laws of Indiana; that contestor Lyndsay M. Brown further objects to the hearing of this petition on the ground that the petition itself is in no way answer to the objections to the complaint already filed to resist the probate of this will and while numbered in the same cause is an independent action and attempts to attack collaterally the objections and complaint of the contestor, Lyndsay M. Brown."

That on July 11, 1932, when said Hiram Brown offered said alleged will for probate, the purported notice

of the appellee heretofore set out and left with the clerk on July 9, 1932, was on file, and further that on August 8, 1932, and before any probate of said alleged will was had, and before any additional steps were taken by Hiram Brown to secure the probate thereof the said Lyndsay M. Brown did file his verified written objections to probate of the said purported will stating that said objections to the probate were not made for the purpose of vexation or delay but were made in good faith that the objector might secure his rights in the premises as required by statute.

The court further found that the said Hiram Brown never insisted that said alleged will be probated after July 11, 1932, and never thereafter made any effort to mandate the clerk of the Probate Court of Marion County, Indiana, to probate the said alleged will, nor did said Hiram Brown make application to the judge of said court to have said will probated until filing his said petition on September 7, 1932, but accepted the statement of the deputy clerk that objections had been filed to resist the probate of said alleged will.

That the alleged affidavit of death by Hiram Brown and the alleged affidavit of the execution of said alleged will by George F. Schering, were not completed nor fully executed for want of a seal and for want of the file mark of the clerk and for want of a record entry by the clerk; and that for want of completion of said affidavit as above described and a record entry thereof no proper proof of death and proof of execution of said alleged will were left with the clerk of the Probate Court on July 11, 1932, by the said Hiram Brown, nor at any time thereafter.

That up to the time of the filing of the finding of facts and conclusions of law thereon the said alleged will of Mary D. Marsee, deceased, has never been probated.

That at the time said Hiram Brown offered said will for probate, he was informed by Maurice J. Peele, clerk, that he could not receive said will because objections had been filed to the probate thereof by Lyndsay M. Brown; that said clerk also informed said Hiram Brown that written objections to the probate of said will would be filed, and that summons would be issued thereon, and that until that step was taken he, the said Hiram Brown, should do nothing, and that said Hiram Brown accepted said statements of said deputy clerk as being true. Upon the finding of facts the court stated the following conclusions of law.

"1. That the law is with the objector, Lyndsay M. Brown, and against the petitioner, Hiram Brown.

"2. That neither on July 11, 1932, nor September 2, 1932, nor at any time since has said alleged will of Mary D. Marsee, deceased, been probated.

"3. The verified written objections of Lyndsay M. Brown, embodied in his verified complaint to resist the probate of said alleged. will of Mary D. Marsee, deceased, were filed before the probate of said alleged will.

"4. That said Lyndsay M. Brown had the legal right to file his verified written objections to resist probate of said will at any time prior to the admission of said alleged will to probate.

"5. The failure of Hiram Brown to take further steps on or after July 11, 1932, and prior to September 7, 1932, to cause said will to be probated constituted a waiver of the formal requirements and verification of the verified written objections provided for in section 3484 of Burns Revised Statutes of 1926.

"6. That by failure of Hiram Brown to take steps to insist on the probate of the alleged will of Mary D. Marsee, deceased, until after Lyndsay M. Brown had filed his verified written objections and complaint on August 8, 1932, the said Hiram Brown waived his right to have

said will probated on his said petition until the disposal of the suit of Lyndsay M. Brown in this cause.

"7. That in the suit of Lyndsay M. Brown in said cause No. 93-32316, the complaint contains the verified written objections to resist the probate said will as required by statute; that all parties to said alleged will have been duly brought into court by proper notice.

"8. Lyndsay M. Brown having invoked the jurisdiction of this court by his verified written objections and complaint, together with the necessary citation to bring the parties to said will into this court before probate of said alleged will is entitled to maintain his suit to resist the probate of said alleged will.

"9. That Lyndsay M. Brown is entitled to have the probate of the alleged will of Mary D. Marsee, deceased, refused."

The record shows that the appellant Hiram Brown excepted to each of the said conclusions of law, separately and severally. The court then entered the following judgment:

"It is therefore ordered, adjudged and decreed by the court that the petition asking that the last will and testament of Mary D. Marsee be admitted to probate, be and it is hereby denied." The appellant seasonably filed a motion for a new trial which was overruled with an exception and this appeal prayed and perfected. The motion for a new trial is omitted herefrom for the reason that no question is attempted to be presented thereon. No question has been raised as to the correctness of the finding of facts.

The assignment of error challenges each of the conclusions of law separately and severally. No other alleged error is attempted to be presented for review.

The statutes relating to the matter under consideration are as follows: "If, prior to the admission of any will to probate before the clerk of the circuit court, ob-

jections thereto, in writing, verified by his affidavit, alleging that the same is not made for vexation or delay, be filed by any person with such clerk, he shall continue the same until the succeeding term of the court, when, if the person contesting such will fail to resist the probate thereof, the judge of such court may admit such will to probate, but if such objection be made before such court, reasonable time shall be allowed to the party making the same to resist the probate of such will." Sec. 3484, Burns 1926, §7-503, Burns 1933, §3393, Baldwin's 1934.

"For the purpose of granting probate of wills, issuing letters testamentary and of administration, . . . the clerks of the circuit courts shall keep the courts open in the vacation thereof; and such business done by a clerk shall be subject to the supervision of the court at the next ensuing term." Sec. 3051, Burns 1926, §6-102, Burns 1933, §3012, Baldwin's 1934.

"Upon the death of any testator, any person interested in any part of the estate specified in his will may have such will proven in the circuit court when in session, or before the clerk thereof in vacation." Sec. 3463, Burns 1926, §7-401, Burns 1933, §3376, Baldwin's 1934.

"If it shall appear from the proof taken that the will was duly executed, and that the testator at the time of executing the same was competent to devise his property and not under coercion such testimony shall be written down, subscribed by the witness examined, and attested by said clerk with his signature and seal of office; and the will, with such testimony and attestation, shall be recorded by such clerk in a book kept for that purpose, and certified by him to be a complete record." Sec. 3473, Burns 1926, §7-411, Burns 1933, §3385, Baldwin's 1934.

"Every will so proven shall have a certificate endorsed thereon or attached thereto, substantially stating that

it has been admitted to probate; that a complete record of it and the testimony of the witnesses has been duly recorded; the names of such witnesses, and the title and page of the book in which it is recorded; which certificate shall be attested by the signature of the clerk of such court and his official seal." Sec. 3474, Burns 1926, §7-412, Burns 1933, §3386, Baldwin's 1934.

Section 3485, Burns 1926, §7-504, Burns 1933, §3395, Baldwin's 1934, makes provisions for contesting the validity of any will and for resisting the probate thereof as follows: "Any person may contest the validity of any will or resist the probate thereof, at any time within one year after the same has been offered for probate, by filing in the circuit court of the county where the testator died, or where any part of his estate is, his allegations in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress, or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto: Provided, . . . ." Section 3486, Burns 1926, §7-505, Burns 1933, §3397, Baldwin's 1934, provides for notice and section 3487, Burns 1926, §7-506, Burns 1933, §3401, Baldwin's 1934, is as follows: "If such determination be against the validity of such will or the competency of the proof, the court shall refuse or revoke the probate thereof; but if it be in favor of the validity and due execution of such will, probate thereof shall be admitted or ratified."

While some of the conclusions of law may be objectionable in form and some others contain findings of fact requiring us in the latter case to disregard such findings of fact cast among the conclusions of law, yet we look upon them as sufficient upon which to base the judgment rendered.

But the notice heretofore quoted which we again quote to wit: "Will of Mary D. Marsee Lyndsay M. Brown heir and legatee. Notice of objections to ██ probate" left in the clerk's office on July 9, 1932, is entirely insufficient to constitute a compliance with section 3484, Burns 1926, above set out. It is unavailing for that purpose. The appellee, however, as heretofore pointed out, did file in said court on August 8, 1932, his verified complaint objecting to the probate of said will which was amply sufficient to comply with said section 3485. We have heretofore set out the controlling allegations therein contained. The complaint in the instant case was filed on September 7, 1932.

It is clear to us that the said will was not conditionally probated before the clerk on July 11, 1932, and that when the instant case was commenced there ██ was on file with the clerk of such court the verified objections to the probate thereof the complaint of the appellee filed August 8, 1932, (being the salient parts of which are heretofore set out) which constituted a compliance with said section 3485, Burns 1926; and that before the instant case should be determined in the trial court, the appellee's said complaint to resist the probate of said will should be heard and determined and the provisions of section 3487, Burns 1926, followed. We hold that said verified objections were filed timely. See: *Towles et al.* v. *McCurdy et al.* (1904), 163 Ind. 12, 71 N. E. 129; *Taylor* v. *Fehler* (1914), 181 Ind. 441, 104 N. E. 22.

We wish to make it entirely clear that we express no opinion whatever as to the merits of said objections filed to the probate of said will. By the affirmance of the judgment herein the parties can then proceed in the trial court to a determination of the merits of said objections, as set forth in the appellee's said verified complaint filed August 8, 1932.

Judgment affirmed.