IN THE MATTER OF THE ESTATE OF
ELMER L. GERTH, DECEASED.

[No. 272A104.  Filed June 6, 1972.]

*Gregory L. Caldwell,* of Noblesville, for appellant.

*John C. Vandivier, Jr., Raber & Vandivier,* of Danville, for appellee.

LOWDERMILK, J.—Thomas Gerth filed his unverified amended claim with the Clerk of the Hendricks Superior Court against the estate of Elmer Gerth, deceased, on November 13, 1970. The claim was disallowed by the attorney for the Executor on December 10, 1970, and on said date the claim was transferred to the Entry and Issue Docket and assigned for trial by the court.

On July 26, 1971, the Executor of the estate, by his attorney, filed a motion to dismiss the claim of Thomas Gerth on the grounds that his claim was not accompanied by an affidavit, either of himself or his attorney, in compliance with Ind. Stat. Ann. § 7-802 (Burns 1971 Cumulative Supplement)— Filing of claims against estates—Suits forbidden except for tort claim—Copy to personal representative—Substitution as party in pending actions.

On the same date the claimant filed reply to the Executor's motion to dismiss. Briefs were filed, the court took the

matter under advisement and on October 4, 1971, sustained the Executor's motion to dismiss the purported claim of Thomas Gerth, and dismissed said claim.

It may be said in passing that the claim was on a rental contract where Thomas Gerth and Elmer L. Gerth had entered into a contract together and on which Elmer L. Gerth is alleged to have been indebted to the claimant over and above any set offs in the amount of $8,337.57.

This appeal stems from the dismissal of the claim of Thomas Gerth for the lack of verification at the time of filing of the original claim, as contrary to Burns § 7-802, *supra*.

Said statute requires such a claim to be verified or be supported by a verified affidavit before such claim shall be received by the Clerk of the court in which the estate is pending.

The facts are uncontroverted that the claim was neither verified nor supported by an affidavit. The claimant contends that the verification is not jurisdictional and the lack of such verification should not be the basis for dismissal of said claim. He further contends the objections of the Executor to the lack of verification was not timely filed since more than six months elapsed subsequent to the filing of the claim to the disallowance of the claim by the Executor and docketing for trial. This is contended by the claimant to be a waiver of any such defects in Thomas Gerth's claim.

The pertinent parts of said Section 7-802, *supra*, read as follows:

"No action shall be brought by complaint and summons against the personal representative of an estate for the recovery of any claim against the decedent, or his estate, * * * but the holder thereof, whether such claim be due or not, shall file a succinct definite statement thereof in the office of the clerk of the court in which the estate is pending and said clerk shall send by United States mail or by personal service an exact copy of such statement to the personal representative of the estate. Any claims of the personal representative against the decedent shall be made out and filed in the office of the clerk of the court in which

the estate is pending; if any claim against the decedent be founded upon any written instrument, alleged to have been executed by him, the original, or a complete copy thereof, shall be filed with the statement, unless it is lost or destroyed, in which case its loss or destruction must be stated in the claim; the statement shall set forth all credits and deductions to which the estate is entitled and *shall be accompanied by the affidavit of the claimant, his agent or attorney,* that the claim, after deducting all credits, set-offs and deductions to which the estate is entitled, is justly due and wholly unpaid, or if not yet due, when it will or may become due, and no claim shall be received unless accompanied by such affidavit; * * *" (Our emphasis.)

Thomas Gerth contends he filed his amended complaint against the estate of Elmer L. Gerth, deceased, pursuant to the above statute and complied with all the requirements of said statute; however, he does admit that the claim does not comply with the statute in that the claimant's attorney who signed the claim did not have his signature acknowledged by a Notary Public and the only defect in the claim is the absence of a jurat of a Notary Public.

The Executor contends that under the general Probate Code, § 6-109, which reads as follows:

"Application to court by verified petition.—Every application to the court, unless otherwise provided, shall be by petition signed and verified by or on behalf of the petitioner. No defect of form or substance in any petition, nor the absence of a petition, shall invalidate any proceedings."

After making the above quote the Executor contends that in the second place where an application to the court was not verified and *no one objected* to such application, such proceeding will not be set aside for lack of verification after the court has acted upon such application. He further relies on the Study Commission Comments thereunder, which read as follows:

"Commission Comments. It is the purpose of this section to require all applications to the court in probate matters to be verified, but at the same time not to permit a proceed-

ing to be invalidated because of a defect in form or substance or by the absence of a petition.

Adopted from M.P.C. Sec. 12.

In civil procedural rules there is a tendency to do away with the verification of pleadings. See, for example, Fed. R. Civ. P., Rule 11. However, in probate matters the situation is believed to call for verification. Often the proceeding is ex parte or is not contested and little or no evidence is introduced other than the verified petition. Moreover, in such a case, if the petitioner is present in court, the verified petition not only may be accepted in lieu of his testimony, but may be substituted for a written record of such testimony.

* * * It should be noted that this line merely states that such a defective petition or the absence of a petition does not make the proceeding void. It does not prevent an opposing litigant from insisting upon the filing of an amended petition, nor does it dispense with proof of the necessary facts. * * *"

The Executor further contends that the application to the court to constitute evidence worthy of consideration must be verified by the party seeking the aid of the court. Further, he says that this is the only method by which such an application can attempt to reach the reliability of testimony or some other similar form of evidence.

He further comments on the verification requirement as being inextricably connected with the evidentiary nature of a claim against an estate, in that the claimant, himself, would be an incompetent witness due to the operation of the Indiana Dead Man's Statutes, Burns Ind. Stat. Ann., 1968 Repl., § 2-1715 and § 2-1716. With this contention in this case we cannot agree.

Claimant's attorney relies for support of his contention that the failure to object to the lack of verification of the claim when filed constituted a waiver of the defect in the claim, and cites the case of *Prebster* v. *Henderson* (1916), 186 Ind. 21, 113 N. E. 241.

The *Prebster* case was an action on objections to the probate of a will on the grounds that such will was unduly

executed. The objections thus filed were *not verified* and did not state that the same were not filed for vexation or delay as required by § 3153 Burns 1914, § 2595 R.S. 1881. Pending the objection the objectors tendered and offered to file a verified objection containing the omitted statement. The court refused to permit the amended objections to be filed, sustained the objection to the offered evidence, and declined to permit the objectors to call witnesses or to offer any evidence in support of their objections. A jury, under the instructions of the court, returned a verdict in favor of the proponents upon which the court entered judgment.

Our Supreme Court held that the court erred in deciding the objections filed were wholly insufficient to present an issue and that no evidence could be properly admitted in their support and further said:

"* * * It has been held by this court that the verification of the objections to the probate of a will is not jurisdictional. * * * the failure to verify was first raised by a motion in arrest of judgment and it was held that the objection came too late. The court said: 'Had an objection been made at the proper time, and in the proper manner, it would have been the duty of the court to have stricken out all averments relating to the execution of the will and the mental condition of the testator, unless a verification of the paragraph had immediately followed the objection; but the appellees having joined issue, submitted to trial, and a verdict having been returned, without any objection having been made, all right to object was waived. * * * The objection should be made before entering upon the trial, otherwise, it comes too late.' "

The *Prebster* case is distinguished from the case at bar for the reason that the offer to amend the amended claim in the case at bar by properly verifying the same was made before trial and having been made before trial and not being jurisdictional the court erred in refusing to permit the amendment.

In the case of *Sutherland et al.* v. *Hankins et al.* (1877), 56 Ind. 343, at 356, the court held, on petition for rehearing, that

appellee's objection was made for the first time in the Supreme Court and it was held to have been made too late. The court did discuss objections pertaining to the resisting of setting aside the probate of a will and stated that statutory provisions to such proceedings ought to be conformed to; that the contestant's "allegation in writing, verified by his affidavit," shall be filed in the proper court. The court further said it was a safer and better practice under the statute for the contestant or plaintiff to verify his complaint by his affidavit, and went on to say:

"* * * But we can not hold, that the verification of such a complaint is necessary to give the court jurisdiction of the cause or proceeding. The statute prescribes two jurisdictional facts, the existence of either one, or both, of which would give the proper court of the proper county jurisdiction of such a proceeding. These facts are, the death of the testator in the county, or that some part of his estate is in the county, in which the proceeding is commenced. * * * Now, the appellee Hankins had the right, on his appearance in this action, to insist upon the proper verification of appellants' complaint, before he should be required to answer said complaint. If this had been done, and the court below had then refused to require the appellants to verify their complaint, another and very different question would have been presented thereby for our consideration, than the one now presented. * * *"

The cases we have herein discussed have each been on the matter of resisting the probate of a will.

The case of *Workman* v. *Workman* (1943), 113 Ind. App. 245, 46 N. E. 2d 718, is an action to contest a writing purported to be a last will and testament. However, the facts on the matter of appearing and objecting to the lack of verification are very similar to the facts in the case at bar and the holdings of the court as to the jurisdictional question therein would apply to the case at bar.

In *Workman* v. *Workman*, the court said:

"The verification of a complaint to test the validity of a will is not necessary to give the court jurisdiction, and such verification may be waived. *Sutherland et al.* v. *Hank-*

*ins et al.* (1877), 56 Ind. 343, 347; *Lange et al.* v. *Dammier et al.* (1889), 119 Ind. 567, 570, 21 N. E. 749; *Faylor* v. *Fehler et al.* (1914), 181 Ind. 441, 104 N. E. 22. Therefore, we hold that the verification of the amended complaint more than one year after the probation of the will was not barred by law unless there was unreasonable delay on the part of the appellee after the matter had been called to the court's attention by appellants' motion to dismiss, or unless it be made to affirmatively appear that the trial court abused the discretion vested in it by granting appellee leave to file said verification."

This court has heretofore said that the failure to file a verified amended claim with the Clerk is jurisdictional. We ▮ cannot agree with the Executor-appellee's arguments and contentions for the above assigned reasons and for the further reason, as set out in Ind. Stat. Ann. § 7-813 (Burns 1953 Replacement):

"Trial and judgment.—The trial of such claims shall be conducted as in ordinary civil cases, and if the finding be for the claimant the court shall render judgment thereon against the personal representative for the amount thereof, and for costs, to be paid out of the assets of the estate to be administered. If the claim sued on be secured by a lien upon property of the deceased, the date and extent shall be ascertained and fixed by the finding and judgment. If the finding be in favor of the personal representative upon a set-off or counter-claim, judgment shall be rendered thereon as in ordinary cases. If a set-off or counter-claim be pleaded, and the claim be afterward dismissed, the personal representative may nevertheless proceed to trial and judgment on the set-off or counter-claim."

The court held in *Leslie* v. *Ebner* (1917), 67 Ind. App. 32, 117 N. E. 511, 118 N. E. 829, that the rules of civil procedure shall be followed when applicable.

We are of the opinion that Rule TR. 15(C) of the Indiana Rules of Procedure is applicable, and it is as follows, to-wit:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

This court in the case of *Mathews* v. *Mathews* (1972), 151 Ind. App. 70, 278 N. E. 2d 325, in interpreting the 1970 Rules of the Supreme Court, said:

". . . In view of the fact that we have made this record so far and the further fact that we are required to pass on all cases on their merits, where it is at all possible, we are now deciding the case at bar on its merits. It is discernible as to what appellant is appealing from and what she is attempting to convey to this court and we will, therefore, forthwith deal with the merits of this cause."

And, further, Rule TR. 8 (F) of the Supreme Court Rules reads as follows:

"CONSTRUCTION OF PLEADINGS. All pleadings shall be construed as to do substantial justice, lead to disposition on the merits and avoid litigation of procedural points."

We are of the opinion that the trial court erred in its ruling that the time had expired in which to amend the claim by verification and for the reasons assigned herein the cause is reversed and remanded to the trial court with instructions to permit the amendment of the amended claim by proper verification, in compliance with the liberality of the new Supreme Court Rules.

Robertson, P.J., concurs; Lybrook, J., concurs.

NOTE.—Reported in 283 N. E. 2d 578.