LINCOLN NATIONAL BANK, Personal Representative of the Estate of Frederick Mundinger, Dorothy Mundinger, and Esther Mundinger, Appellants (Defendants Below),

v.

Kurt B. MUNDINGER and John Mundinger, Appellees (Plaintiffs Below).

No. 57A03–8712–CV–00360.

Court of Appeals of Indiana, Third District.

Sept. 27, 1988.

John F. Lyons, Alan Verplanck, Barrett & McNagny, Fort Wayne, for appellants.

Ronald E. James, Benson, Pantello, Morris & James, Fort Wayne, for appellees.

STATON, Judge.

Lincoln National Bank, Personal Representative of the Estate of Frederick Mundinger, Dorothy Mundinger and Esther Mundinger (hereinafter collectively referred to as Lincoln Bank) brings this interlocutory appeal from a statutory will contest to raise the issue of whether the Noble Circuit Court erred when it denied their motion to dismiss and motion to strike.

We affirm.

Frederick G. Mundinger died on February 19, 1987. A written instrument purporting to be his last will and testament was offered for probate in the Allen Supe-

rior Court on February 27, 1987. First notice of publication was made on March 3, 1987.

On July 28, 1987 Kurt B. Mundinger and John Mundinger, sons of Frederick Mundinger and beneficiaries under his will, filed a verified complaint contesting the probate of their father's will. Their verified complaint contained the following allegations:

"4. That the written instrument and its probate are invalid, void or voidable because:

"a) At the time of execution the testator was of unsound mind;

"b) The undue execution of the instrument;

"c) The instrument was executed under undue influence or duress;

"d) Probate was improper in that it was not supported by proper, valid affidavit."

The allegations of the complaint were verified in the following manner:

"We affirm, under the penalties of perjury, that the foregoing representations are true.

/s/ Kurt B. Mundinger  /s/ John Mundinger"

The complaint did not contain a jurat.

On September 16, 1987, after the cause of action was venued from Allen County to the Noble Circuit Court, Lincoln Bank filed a motion to dismiss pursuant to Indiana Rules of Procedure, Trial Rule 12(B)(6). Lincoln Bank therein alleged that the Mundingers' verified complaint failed to satisfy the requirements of West's AIC 29–1–7–17 because it was not accompanied by affidavits sworn to before an officer authorized to administer oaths. On October 2, 1987, before the trial court ruled on Lincoln Bank's motion to dismiss, the Mundingers filed an Objection and Memorandum in Opposition to Motion to Dismiss, arguing that the signature of the affirming parties underneath the oath on the verified complaint was an affidavit in itself because will contests are "special statutory proceedings" within the jurisdiction of the trial courts. The Mundingers pointed out that, in the trial courts, the signature of an affirming party is the same as taking the oath before all officers of the court. Regardless, the Mundingers attached their separate affidavits sworn to before notary publics, stating as sworn fact to which they were personally knowledgeable:

"5. On July 21, 1977 Frederick G. Mundinger was of unsound mind, incapable of exercising his own will, unable to conceive of the objects of his bounty, the size of his estate, and its proper disposition, was under the undue influence or subject to duress applied by individuals who were close to him.

"6. That the affidavit upon which probate was permitted was not proper, was not valid, and makes probate of the written instrument voidable.

"7. I am a son of Frederick Mundinger."

Thereafter, on October 22, 1987, Lincoln Bank filed a Response to the Mundingers' Objection and Memorandum in Opposition to Motion to Dismiss, and at the same time filed a motion to strike the later-filed affidavits. Lincoln Bank contended that the affidavits filed on October 2 were untimely since the statutory five month filing period had expired, and that the affidavits could not relate back to the original filing date. Lincoln Bank further alleged that neither the original verified complaint nor the later-filed affidavits set forth information or facts within the personal knowledge of the affiants, and thus were entirely conclusory and legally insufficient to constitute the showing required by the probate code in order to contest the probate of a will.

In response to Lincoln Bank's October 22 filing, the Mundingers filed a Memorandum in Opposition to Newly Raised Issues, setting forth caselaw in support of their contention that, where an original complaint is timely filed, it can be later amended with those amendments relating back to the original filing date. The Mundingers (hereinafter referred to as Mundinger) further contended that the allegations contained in their amended complaint were sufficient to meet statutory requirements for pleading.

On November 20, 1987, the trial court denied Lincoln Bank's motion to dismiss the verified complaint and motion to strike the affidavits filed in support of the verified complaint. The trial court determined that pursuant to West's AIC 29-1-20-1, which sets forth verification procedures as required under the probate code, the verified complaint was sufficient to meet the requirements of IC 29-1-7-17. The trial court further found that the allegations set forth in the original verified complaint were sufficient because they set forth the statutory provisions noting that, under the current trial rules, notice pleading suffices. Therefore, the substantive facts of each particular allegation need not be specifically pled in the complaint. Finally, the trial court found that the later-filed affidavits related back to the filing date of the verified complaint pursuant to Indiana Rules of Procedure, Trial Rule 15(C). Thereafter, Lincoln Bank perfected this interlocutory appeal pursuant to Indiana Rules of Procedure, Appellate Rule 4(B)(6).

Lincoln Bank's argument on appeal has two prongs: first, Lincoln Bank contends that the original complaint was insufficient to invoke the jurisdiction of the trial court because it failed to allege specific facts and lacked a jurat; second, Lincoln Bank contends that the affidavits similarly failed to provide the specific facts relevant to the controversy, and further were incapable of relating back to the date of the original complaint because they were filed after the expiration of the five month statute of limitations. Thus, they should be stricken from the record.

## MOTION TO DISMISS

■ While motions to dismiss for failure to state a claim on which relief can be granted are proper to test the sufficiency of a claim for relief in any pleading, they are regarded with disfavor by the courts. This disfavor stems from the recognition of the potential for the indiscriminate use of this type of dismissal to undermine the primary objective of the law, which is to obtain a determination on the merits of a claim. *See Theis v. Heuer* (1971), 149 Ind. App. 52, 270 N.E.2d 764, 766. When reviewing a motion to dismiss for failure to state a claim, we must determine whether, in the light most favorable to the plaintiff and with every inference drawn in his favor, the complaint is sufficient to constitute any valid claims. *Sheridan v. Town of Merrillville* (1981), Ind.App., 428 N.E.2d 268, 270, *reh. denied.*

■ Lincoln Bank's first argument focuses on the language of IC 29-1-7-17 which provides:

"Any interested person may contest the validity of any will or resist the probate of a will in the court having jurisdiction over the probate of the will at any time within five (5) months after the delivery of the will to the court under section 3 of this chapter or the filing with the court of a petition under section 4 of this chapter with or without the issuance of letters, whichever occurs earlier, by filing in the court the person's allegations in writing verified by affidavit, setting forth:

"(1) the unsoundness of mind of the testator;

"(2) the undue execution of the will;

"(3) that the will was executed under duress or was obtained by fraud; or

"(4) any other valid objection to its validity or the probate of the will.

"The executor and all other persons beneficially interested in the will shall be made defendants to the action."

According to Lincoln Bank, the requirement that one filing a contest of wills set forth his "allegations in writing verified by affidavit" constitutes a statutory mandate that a complaint filed in a contest of wills meet the Indiana Rules of Procedure, Trial Rule 56(E) definition of "affidavit." [1] Lincoln Bank continues that, because T.R. 56

---

1. T.R. 56(E) provides:
   Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or

requires that facts be set forth which would be admissible in evidence, based upon personal knowledge, IC 29–1–7–17 and the Supreme Court Rules vary irreconcilably in pleading requirements. Ultimately, it is argued, a contest of wills is a purely statutory proceeding as opposed to civil, therefore not subject to or superseded by the Supreme Court Rules when their corresponding provisions conflict.[2] As a result of Mundinger's failure to meet the requirements of the probate code by filing a verified complaint sufficient to qualify as an affidavit as defined by T.R. 56, Lincoln Bank contends that the jurisdiction of the trial court was not invoked within the five-month period limiting the filing of will contests.[3]

Although tempted by the opportunity, we decline Lincoln Bank's invitation to determine whether the provisions of the probate code are impervious to those of the Supreme Court Rules where the two conflict. We find no discrepancy between the statutory requirements for the filing of a contest of wills and the notice pleading provisions of the Supreme Court Rules.

■■■ The crucial flaw in Lincoln Bank's argument is its proposition that "verified by affidavit" requires either that separate affidavits conforming to T.R. 56(E) standards be filed with a complaint or, in the alternative, that the verified complaint itself similarly qualifies as an affidavit. "Verified by affidavit" is a term of art

opposed by depositions, answers to interrogatories, further affidavits, or, within the discretion of the judge, testimony of witnesses. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. Denial of summary judgment may be challenged by a motion to correct errors after a final judgment or order is entered.

2. West's AIC 34–5–1–2 (Supp.1988) and West's AIC 34–5–2–1 recognize and affirm the power of the Supreme Court of Indiana to adopt, amend and rescind the rules of court which govern and control practice and procedure in the Indiana courts, and provide that laws in conflict with rules adopted by our supreme court have no force or effect.

3. Lincoln Bank's original motion to dismiss filed on September 16, 1987 was construed by Mundinger to object solely to the complaint's lack of a jurat. Using this presupposition, Mundinger contends that Lincoln Bank untimely asserted new grounds for dismissal in its October 22 filing, which objected to Mundinger's failure to plead evidentiary facts in both the original complaint and the later-filed affidavits. Mundinger argues that, because Lincoln Bank's "newly asserted ground" for dismissal was not asserted within 20 days after service of the first pleading, the only issue properly before this court is whether a jurat was required for its original complaint to invoke the jurisdiction of the trial court. See Indiana Rules of Procedure, Trial Rule 12(B)(8) ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted or within twenty

[20] days after service of the prior pleading if none is required."). However, we need not discuss the interaction of the probate code's provisions regarding responsive pleadings with T.R. 12(B)(8) for several reasons.

A careful reading of Lincoln Bank's memorandum in support of its September 16 motion to dismiss discloses that Lincoln Bank therein argued that the common-law technicalities of an affidavit must be met in order for a complaint to be in strict compliance with the IC 29–1–7–17 requirement of "allegations in writing verified by affidavit." Although the memorandum largely focuses on the complaint's lack of a jurat, and the argument that "affidavit" as used in the contest of wills statute contemplates meeting T.R. 56 standards for affidavits is embryonic at best, Lincoln Bank did assert that IC 29–1–7–17 requires a verified complaint to be accompanied by affidavits meeting the technical requirements set forth in *State v. Board of Trustees of South Bend* (1985), Ind.App., 474 N.E.2d 520; *citing Pappas v. State* (1979), 179 Ind.App. 547, 386 N.E.2d 718 ("The term 'affidavit' is defined at common law as a written statement of fact sworn to as the truth before a duly authorized officer.") The arguments raised in Lincoln Bank's original T.R. 12(B)(6) motion to dismiss were adequate to raise the issue of the sufficiency of the allegations contained in the complaint.

We also note that, even if the argument had not been made in accordance with T.R. 12(B)(8) and T.R. 12(G), which requires that all defenses or objections available at the time a T.R. 12 motion is made must be included therein, the argument of failure to state a claim upon which relief could be granted could later have been raised by a motion for judgment on the pleadings or at the trial on the merits, as provided by T.R. 12(H)(2). *See Hershberger v. Brooker* (1981), Ind.App., 421 N.E.2d 672, 675.

definitionally requiring that the truth of all facts sufficiently material to be in a complaint or petition be *supported by oath.* *McLellan v. Fuller* (1914), 219 Mass. 209, 106 N.E. 851.

█ Lincoln Bank, by its argument, fails to recognize that there is a distinction between types of affidavits. There are those which serve as evidence and which advise the court as it decides preliminary issues or determines substantial rights where evidence is not in conflict; in the alternative, there are those which merely serve to invoke the judicial power. *Worthen v. State* (1914), 189 Ala. 395, 66 So. 686, 688. The latter are not evidential in any sense, but rather are pledges of good faith in the commencement of suits. *Id.* A verification is an affidavit of the non-evidential variety, utilized to insure good faith in the averments of a party. *See Osborn v. City of Whittier* (1951), 103 Cal.App.2d 609, 230 P.2d 132, 138, *reh. denied, hearing denied; Star Motor Imports v. Superior Court of Santa Clara County* (1979), 88 Cal.App.3d 201, 151 Cal.Rptr. 721.

█ A reading of IC 29-1-20-1 leads us to the conclusion that "verified by affidavit" contemplates a non-evidentiary pledge of good faith. Therein it is stated:

"(a) Wherever in this article it is provided that any pleading, petition, report, or other document of any kind be verified, or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth of the mater to be verified by an affirmation or representation in substantially the following language: "I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.

(SIGNED) ———

"(b) Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit."

A verification provided in the language of this statute is an affidavit in conformance with the requirements of IC 29-1-7-17. *See Workman v. Workman* (1943), 113 Ind.App. 245, 46 N.E.2d 718, *trans. denied.*

█ The question, then, becomes whether the allegations contained in the complaint state a cause of action sufficient to withstand a T.R. 12(B)(6) motion to dismiss. Having discounted Lincoln Bank's contention that "verification by affidavit" requires the filing of formal, evidentiary affidavits to invoke the jurisdiction of the trial court, we find that the allegations, set forth in the language of IC 29-1-7-17, are sufficient. This determination is not without substantial historical precedent, and further leads us to conclude that Indiana Rules of Procedure, Trial Rule 8(A) applies to the filing of will contests pursuant to IC 29-1-7-17.[4]

Long before the current Supreme Court Rules were adopted, statutory will contestants were urged to couch their complaints in the language of the probate code. *See McDonald v. McDonald* (1895), 142 Ind. 55, 41 N.E. 336; *Brown v. Brown* (1935), 100 Ind.App. 427, 194 N.E. 485, *reh. denied; State ex rel Brosman v. Whitley Circuit Court* (1964), 245 Ind. 259, 198 N.E.2d 3, *reh. denied.* In fact, as early as 1854, complaints tracking the statutory language provided by the probate code were found sufficient to instigate a contest of wills. *See Kenworthy v. Phillips* (1854), 5 Ind. 375. Our supreme court specifically addressed the issue of the pleading requirements of the probate code in *Bowman v. Phillips* (1874), 47 Ind. 341. Therein, a complaint set out the following allegations for contesting a will:

"And said plaintiffs allege and charge that at the time of the pretended execution of said will by said testator, Leonard Bowman, he, the said Leonard Bowman, was of unsound mind; and they further allege and charge the undue execution of

---

4. The Indiana courts have long relied upon the rules of civil procedure to fill in the procedural gaps of the probate code. *See Leslie v. Ebner* (1917), 67 Ind.App. 511, 118 N.E. 829; *Crawfordsville Trust Co. et al v. Ramsey et al* (1912),

178 Ind. 258, 98 N.E. 177. To date, many provisions of the Supreme Court Rules have already been found to apply to contest of wills proceedings.

said will; that the same was procured by fraud, and the undue influence of said defendants over said testator at the time of the pretended execution of the same."

Motions to make more specific and to strike parts of the complaint were filed, along with a demurrer for want of sufficient facts. The supreme court upheld the trial court's overruling of the motions and demurrer, stating "... a complaint to set aside a will is good, if it sets out the statutory cause in the language of the statute...." *Id.* at 342.

Through the years, the contest of wills section of the probate code has substantially reenacted former law, rendering earlier court decisions applicable to disputes under the current code provisions. *State ex rel Matheny v. Probate Court of Marion County* (1959), 239 Ind. 518, 159 N.E.2d 128.[5] Many in the line of cases from *Kenworthy* to the present, which covers several reenactments of the contest of wills statute, impliedly hold that complaints using the language of the statute without specific allegations of material fact are sufficient to state a claim upon which relief can be granted. In *Brosman,* our supreme court stated that "while formal pleadings may be permitted in will contests, as in ordinary civil actions, such formality in the formation of issues is not necessary." *Supra,* 198 N.E.2d at 5.[6] Thus, even in the days of demurrer and variance notice pleading sufficed in filing a contest of wills.

Under the current probate code and Supreme Court Rules, Indiana cases have steadily laid the groundwork for the application of T.R. 8(A) to the contest of wills statute.[7] Most notably, in *Cook v. Loftus* (1981), Ind.App., 414 N.E.2d 581, *reh. denied,* we stated that, "Although the statutory contest of wills is a special proceeding, rules governing trials of civil actions under the code are applicable, and pleadings, motions and answers are sanctioned." *Id.* at 586. Recently, we applied Indiana Rules of Procedure, Trial Rule 9(B) to actions filed pursuant to IC 29–1–7–17 alleging fraud, therein stating that the circumstances constituting fraud must be plead specifically as required by the Supreme Court Rules. *Matter of Estate of Parlock* (1985), Ind. App., 486 N.E.2d 567, 569. Other cases have applied particular trial rules in will contests, including *Brown v. Gardner* (1974), 159 Ind.App. 586, 308 N.E.2d 424, *trans. denied* (T.R. 12(B)(6)); *Squarcy v. Van Horne* (1975), 163 Ind.App. 64, 321 N.E.2d 858, *trans. denied* (T.R. 78); *Davisson et al v. Indiana National Bank* (1986), Ind.App., 493 N.E.2d 1311, *trans. denied.* (T.R. 15(A)), *Matter of Estate of Gerth* (1972), 152 Ind.App. 273, 283 N.E.2d 578 (T.R. 15(C)).

■ The term "notice pleading" is a description of the requirements of T.R. 8(A), which states that a complaint need only contain:

---

**5.** For a comprehensive discussion of the various reincarnations and progressive changes in the contest of wills statute, see 2A J. Grimes, *Henry's Probate Law and Practice* 732–733 (7th ed. 1979).

**6.** Oddly, this case seems to suggest that the absence of a specific provision in the probate code to the effect that contests of wills are governed by the civil rules of procedure render them inapplicable. As a result, the court held, the formal evidentiary pleadings then required by the civil rules did not similarly apply to the probate code, leaving the door open for notice pleading. *Brosman* is somewhat of an aberration in this regard in that prior to and following the decision, the rules of civil procedure have consistently been used to supply procedures missing from the probate code. *See* Jackson's dissent, *Brosman, supra,* 198 N.E.2d at 6. How-

ever, the overall outcome is in keeping with the long line of precedent establishing the sufficiency of complaints couched in the statutory language of the probate code, and so we use it to illustrate our point.

**7.** We decline to hold that Indiana Rules of Procedure, Trial Rule 6(C) or 7(A) apply to contest of wills proceedings. To do so would be to hold that the Supreme Court Rules supersede the probate code, as West's AIC 29–1–1–10 (any interested person *may* file written objections or answers to petitions, motions or pleadings filed under the probate code) and T.R.s 6(C) and 7(A) (answers to complaints are *required*) are in conflict. While future courts may choose to determine whether the Supreme Court Rules supersede conflicting provisions of the probate code, such a determination is beyond the scope of our holding in the case at hand.

"(1) A short and plain statement of the claim showing that the pleader is entitled to relief, and

"(2) A demand for the relief to which he deems himself entitled."

Under notice pleading, all that is required for a complaint to defeat a T.R. 12(B)(6) motion to dismiss is a "clear and concise statement that will put the defendants on 'notice' as to what has taken place and the theory that the plaintiffs plan to pursue in their attempt for recovery." *Farm Bureau Insurance Co. v. Clinton* (1971), 149 Ind.App. 36, 269 N.E.2d 780, 782. More recent case law on the subject of notice pleading indicates that a complaint need not state all of the elements of a cause of action, or even the legal theory upon which recovery is sought, but only the operative facts involved in the litigation. *State v. Rankin* (1973), 260 Ind.App. 228, 294 N.E. 2d 604, 606; *F.W. Means & Co. v. Carstens* (1981), Ind.App., 428 N.E.2d 251, 262, *trans. denied.*

IC 29-1-7-17 sets forth the general allegations sufficient to state a claim upon which relief can be granted in a contest of wills; i.e., the unsoundness of mind of the testator, the undue execution of the will, the execution of the will under duress, the obtaining of the will by fraud, or any other valid objection to the will. As with civil actions, only the circumstances constituting fraud need be plead specifically. *Matter of Estate of Parlock, supra.* Because clarification of theories or bases for causes of actions can be obtained through the broad discovery rules, motions for more definite statements, or pretrial conferences, specific allegations of fact elaborating on the general allegations set forth in I.C. 29-1-7-17 are unnecessary to validly state a claim upon which relief can be granted.

We revert, then, to the question raised by Lincoln Bank of whether the allegations contained in Mundinger's original complaint were sufficient to invoke the jurisdiction of the trial court. In light of the preceding discussion, we find that they were as they essentially reiterated the provisions of I.C. 29-1-7-17. However, we are careful to note that Mundinger did not raise allegations of fraud, and thus was not required to expound on that particular averment as would have been required under T.R. 9(B).

### Motion to Strike

■ The original complaint was further attacked by Lincoln Bank for its lack of a jurat. Lincoln Bank argues that proper verification of a complaint requires that it be sworn to before an officer authorized to administer oaths, and the failure by Mundinger to have done so with his complaint left the trial court without jurisdiction over the matter. Thus, Lincoln Bank continues, Mundinger did not invoke the jurisdiction of the trial court within the five-month statute of limitations. Lincoln Bank concludes its argument by alleging that Lincoln's later-filed affidavits, which included jurats, could not relate back to the filing date of the original complaint, and thus should be stricken from the record. We find this argument to be without merit.

Indiana courts have long held that verification is not jurisdictional. *Matter of Estate of Gerth, supra; Workman v. Workman, supra.* The probate code itself states: "Every application to the court, unless otherwise provided, shall be by petition signed and verified by or on behalf of the petitioner. No defect of form or substance in any petition, nor the absence of a petition, shall invalidate any proceedings." West's AIC 29-1-1-9.

■ In this case, any alleged problem raised by the lack of a jurat was cured by Mundinger's having filed his verificational affidavits with jurats attached in amendment to his original complaint. Indiana Rules of Court, Trial Rule 15(C) has previously been found to apply to the probate code, and states in pertinent part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

*See Gerth, supra.* Because it is within the trial court's discretion to allow verification

of complaints in will contests after the filing of the complaints, and because Lincoln Bank fails to point out how the trial court may have abused its discretion in this case, we find no error on this issue. *See also Davisson et al v. Indiana National Bank, supra.*

AFFIRMED.

GARRARD, P.J., and HOFFMAN, J., concur.